**In re Crystal AUBIN.**

**No. 09–00–317 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted Aug. 10, 2000.

Decided Oct. 5, 2000.

Linda S. Good, Jennifer R. Marshall, East Texas Legal Services, Inc., Huntsville, Brenda G. Willett, East Texas Legal Services, Inc., Nacogdoches, for appellant.

Zeb D. Zbranek, Angela Zbranek, Zbranek Firm, P.C., Liberty, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

■ "The Due Process Clause does not permit a State to infringe on the fundamental rights of parents to make childrearing decisions simply because a state judge believes a 'better' decision could be made." *Troxel v. Granville,* 530 U.S. 57, 120 S.Ct. 2054, 2064, 147 L.Ed.2d 49 (2000). With this statement in mind, we address the petition for writ of mandamus filed by Crystal Aubin, the mother of three children trapped by the Texas justice system.

On June 15, 1998, Tracy Junior Burks, Jr., and Dorothy Bernice Burks filed a suit seeking sole managing conservatorship of B.N.A., A.B.A., and D.A.W.A.[1] The Burks, who are not related to the children, alleged standing as persons who had actual care, control, and possession of the children for at least 6 months. *See* Acts 1995, 74th Leg., R.S., ch. 751 § 8, 1995 Tex.Gen.Laws 3888, 3890 (for current version see TEX. FAM.CODE.ANN. § 102.003(a)(9) (Vernon Supp.2000)). Aubin filed motions to dismiss that challenged the Burks' standing to bring a suit affecting parent-child relationship. She also filed a motion for equitable relief, alleging her due process rights under the Texas and United States Constitution had been violated. *See* U.S. CONST. Amends. 5, 14; TEX. CONST. Art. I, § 19. The trial court denied Aubin's motions.

A three day long hearing, which was interrupted for several months including a delay caused by Burks' attorney obtaining a legislative continuance, resulted in the entry of temporary orders appointing Aubin the children's temporary sole managing conservator and appointing the Burks as temporary possessory conservators. The trial court entered "standard" possession orders. *See* TEX.FAM.CODE.ANN. §§ 153.312–.313 (Vernon 1996 & Supp. 2000).

On February 8, 1999, Aubin filed a petition for writ of mandamus with this Court, alleging the Burks failed to establish standing at the temporary hearing and that the Burks had failed to prove that Aubin had placed the children in any clear and immediate danger. *In re Aubin*, No. 09–99–065 CV (Tex.App.—Beaumont 1999, orig. proceeding)(not reported).[2] We denied the petition without stating a reason for our ruling. At that time, the suit was set for trial on March 26, 1999. After we denied the petition for writ of mandamus, the Burks' counsel obtained another legislative continuance. The case has not been re-set for trial.

In January 2000, the Burks filed a motion for enforcement of the possession order and a motion to modify the temporary orders requesting that they be named temporary sole managing conservators. Aubin filed a motion to dismiss for want of prosecution, which included allegations that the trial court's temporary orders were an unconstitutional governmental interference with her right to rear her children. When Aubin did not appear at the hearing on the motion to enforce[3], the trial judge refused to rule on any of the motions and suggested the Burks file a writ of habeas corpus. On February 28, 2000, the trial judge granted the Burks' application for an *ex parte* writ of attachment. The writs issued on February 28, 2000, and March 28, 2000, ordered any sheriff or constable to attach the children and deliver them to the Burks. The writs were not domesticated in Indiana, where Aubin now resides with her children, but the children were seized by the police and taken into custody. The Juvenile Court of Porter County, Indiana, conducted an emergency detention hearing and returned the children to their mother. Another writ of attachment issued on June 7, 2000. This time, the writ directed "any sheriff, deputy sheriff or police officer in the United States of America" to attach the children and deliver them to the Burks. The Burks then filed a petition in Indiana to enforce the Texas court orders. On June 23, 2000, the Indiana court entered a protective order that remains in effect. On July 12, 2000, Aubin filed her petition for writ of mandamus with this Court. The petition asks us to command the Honorable Chap Cain, Judge of the 253rd District Court of Liberty County, to vacate all of the orders granting writ of attachment, and to in-

---

1. Apparently, the Burks have not served citation on the children's father.

2. We take judicial notice of the petition and record filed in that proceeding.

3. Aubin asserts she had not received notice of the hearing.

struct his clerk to void the writs of attachment that have been issued. The petition also asks us to command Judge Cain, to vacate all temporary orders issued in this case, and to dismiss the suit.

■ Mandamus relief is inappropriate where the relator has an adequate remedy through regular appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). The Texas Supreme Court has held the remedy by appeal to be inadequate in a case where the relator challenged subject matter jurisdiction to enter a temporary order. *Little v. Daggett,* 858 S.W.2d 368, 369 (Tex.1993). The inadequacy of appeal as a remedy in this case is evident, considering two years have passed without a resolution of the custody of these children.[4] Furthermore, the trial court has issued writs which, if executed, will immediately deprive Aubin of the physical possession of her children. Mandamus is appropriate. We will address the merits of the petition.

The trial court cannot attach the body of a child absent a verified pleading or affidavit. TEX.FAM.CODE.ANN. § 105.001(c) (Vernon Supp.2000). If right to possession is governed by a court order, a court in a habeas corpus proceeding may compel return of a child to the relator only if the court finds that the relator is entitled to possession under the order. TEX.FAM. CODE.ANN. § 157.372 (Vernon 1996). The applications for writ of attachment filed by the Burks state:

> Applicants are presently entitled to possession of the minor children [B.N.A., A.B.A. and D.A.W.A.] by virtue of an order which the 253rd State Judicial District Court of Liberty County, Texas rendered Temporary Orders in cause number 56,024, which order is in full force and effect.

> Based on the facts herein set out, applicants believe that Petitioner's continued possession of the children in violation of the Court's order will create

and is creating a serious, immediate threat to the children's physical and emotional well-being.

> Further, applicants believe that Crystal Aubin, respondent, has removed the children from the jurisdiction of this Court. . . .

> Respondent is illegally restraining the children from Applicants' possession in Liberty County, Texas.

■ These conclusory allegations do not specify the dates upon which Aubin possessed the children in violation of a court order, nor do they identify the serious, immediate threat created by Aubin's continued possession of the children. Although the Burks state that they are presently entitled to possession of the children, Aubin is their sole managing conservator. The temporary orders do not forbid Aubin from removing the children from the jurisdiction of the court. The allegations are insufficient to support the writs. Furthermore, a warrant to take physical custody of a child is enforceable throughout the state. TEX.FAM.CODE ANN. § 152.311(e) (Vernon Supp.2000). The trial judge clearly exceeded his jurisdiction, however, by ordering law enforcement officers in Indiana to seize the children. "The authority of every tribunal is necessarily restricted by the territorial limits of the State in which it is established." *Pennoyer v. Neff,* 95 U.S. 714, 720, 24 L.Ed. 565 (1877), *overruled in part on other grounds by Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). We do not decide whether the trial judge had the power to command Aubin to appear before his court, but he certainly did not have the power to order the Valparaiso Police Department to seize the children.

The February 28, 2000, and June 7, 2000, orders granting writ of attachment are clearly erroneous. We direct the trial court to vacate those orders and direct the district clerk to void the writs of attach-

---

**4.** We are not commanding the trial judge to try or dismiss the suit because Aubin does not include a request for an immediate trial setting in her request for relief.

ment dated February 28, 2000, March 28, 2000, and June 7, 2000.

■ Next, Aubin contends that the continued interference by the Court in her family affairs violates her federal constitutional rights. In *Troxel*, the Court declined to define the precise scope of the parental due process right in the visitation context, but held that, as applied in a petition for court-ordered grandparent visitation, a Washington statute that permitted any person to petition for forced visitation at any time unconstitutionally infringed upon the mother's liberty interest in her children. *Troxel v. Granville*, 530 U.S. at ——, 120 S.Ct. at 2064, 147 L.Ed.2d at 61–62. "Accordingly, so long as a parent adequately cares for his or her children (*i.e.*, is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." *Troxel v. Granville*, 530 U.S. at ——, 120 S.Ct. at 2061, 147 L.Ed.2d at 58.

■ Aubin continues to assert her claim that the Burks lack standing to bring a suit affecting the parent-child relationship. There is some evidence in the record to support the Burks' claim that they had possession of the children for six months preceding the filing of the petition. For instance, Aubin's sister, Elizabeth Ring, testified that the children lived consistently with the Burks and were not gone from the Burks' home for over a period of two to three days. On the other hand, Mr. Burks admitted that they had not had physical possession of the children for six months and that the longest period of time they ever had the children was three to five days. However tenuous the evidence supporting the Burks' claim of standing may be, we cannot resolve a factual dispute in a mandamus proceeding. *See In re Ford Motor Co.*, 988 S.W.2d 714, 722 (Tex.1998). Likewise, the Burks do not concede Aubin is a fit parent. They allege "the children's present exposure to the

care provided by the mother presents a serious question concerning the children's physical health or welfare." Although there has been no finding that Aubin is an unfit parent, that is the purpose of suits affecting the parent-child relationship, and this suit has not gone to trial. The existence of a factual dispute precludes our granting mandamus relief on the trial court's denial of Aubin's motion to dismiss the suit.

■ The temporary orders entered by the trial court are another matter. The Family Code authorizes the trial court to enter temporary orders for the safety and welfare of the children. Tex.Fam. Code Ann. § 105.001 (Vernon Supp.2000). The strong presumption in favor of parental custody requires that the nonparent seeking custody affirmatively prove by a preponderance of the evidence that appointment of the parent as managing conservator would significantly impair the child, either physically or emotionally. *Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex.1990). At the conclusion of the hearing on temporary orders, the trial court stated that the Burks had not met their burden of showing that appointment of the parent would significantly impair the children's physical health and emotional development. For this reason, the trial court appointed Aubin as the sole managing conservator of her children. As matters stand today, Aubin has been found to be the appropriate custodian for the children. Although there is a disputed fact issue regarding her fitness, there has been no finding that would support the intrusion of the trial court on the liberty interest recognized in *Troxel*.

■ The Texas Supreme Court has acknowledged that mandamus may issue where the legal process itself would violate the relator's constitutional rights. *Tilton v. Marshall*, 925 S.W.2d 672, 682 (Tex. 1996). Absent a finding, supported by evidence, that the safety and welfare of the children is significantly impaired by the

denial of the Burks' visitation, Aubin's decision regarding whether the children will have any contact with the Burks is an exercise of her fundamental right as a parent. That right is shielded from judicial interference by the Due Process clause of the United States Constitution. Texas Family Code Section 105.001, is unconstitutional as applied to Aubin in the trial court's June 15, 1998, and June 29, 1998, temporary restraining orders [5] and the trial court's November 2, 1998, temporary order. The trial court clearly abused its discretion in appointing the Burks as temporary possessory conservators. We direct the Honorable Chap Cain, Judge of the 253rd District Court of Liberty County, Texas, to vacate the November 2, 1998, temporary orders.

We conditionally grant Crystal Aubin's petition for writ of mandamus as to the temporary orders and orders granting writs of attachment. The writ will issue only if the trial court fails to vacate his orders of November 2, 1998, February 28, 2000, June 7, 2000, or if he fails to direct the district clerk to void all writs of attachment issued in this suit.

WRIT CONDITIONALLY GRANTED.

WALKER, Chief Justice, dissenting.

Occasionally a proceeding comes along where judicial restraint comes hard. This is such a proceeding and I shall make every endeavor to express only those thoughts necessary. The majority "conditionally" grants mandamus whereas I would emphatically order same, for reason that Crystal Aubin's constitutional rights to her children have been seriously tread upon. Admittedly, a review of the record indicates that, chances are, Crystal Aubin will not receive "mother of the year" award. Neither shall millions of other single mothers who are attempting to care for their children under trying economic circumstances. In virtually every parent-child relationship, crystal ball observers can no doubt conjure up more pleasing scenarios, better ways and means of child rearing. However, real life defies such fairy-tale perfection.

Albeit, *Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), was not handed down by our United States Supreme Court until the year 2000, the fundamental rights of parents, to the exclusion of others, have long been recognized through the Due Process Clause of the Fourteenth Amendment. *See In the Interest of J.W.T.*, 872 S.W.2d 189, 194–95 (Tex.1994). *Troxel* more clearly and more definitively sets forth those "liberty" interests afforded parents through that Amendment. According to *Troxel:*

> The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." We have long recognized that the Amendment's Due Process Clause, like its Fifth Amendment counterpart, "guarantees more than fair process." *Washington v. Glucksberg,* 521 U.S. 702, 719, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). The Clause also includes a substantive component that "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Id.,* 521 U.S. 702, 117 S.Ct. 2258, 138 L.Ed.2d 772; see also *Reno v. Flores,* 507 U.S. 292, 301–302, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993).

*Id.,* 120 S.Ct. at 2059–2060.

In the present case, the Burks, through an arm of the state government, to wit a court, have sought to, and indeed have, interfered with Crystal Aubin's parental rights by attempting to obtain custody of her children, without standing, without sincere pursuit of the legal process,[6] and

---

**5.** The temporary restraining orders dissolved upon the entry of the temporary orders.

**6.** This case has been pending since 1998, without effort by the Burks to seek finality, but rather a concerted effort by Petitioners to wear the mother down through the legal pro-

without regard to Crystal Aubin's parental rights.

I would, applying *Troxel,* mandamus the trial court, ordering that court to immediately enter an order dismissing the Burks' lawsuit as an unconstitutional invasion of Ms. Aubin's liberty rights.

cess. The record reveals no effort by the Burks to even seek process upon the childrens' natural father, a necessary party to this proceeding. Further, the Burks have avoided finality through the request for legislative continuance.