**In the Interest of SSJ–J.**

No. 04–03–00741–CV.

Court of Appeals of Texas, San Antonio.

Nov. 24, 2004.

John D. Wennermark, Law Office of John D. Wennermark, San Antonio, for appellant.

Charles K. Tabet, Law Office of Charles K. Tabet, Cedric L. Johnson, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

Charles and Beverly Johnson, maternal step-grandfather and natural grandmother of SSJ–J, filed suit against Cedric Johnson, SSJ–J's biological father, seeking to be appointed managing conservators of SSJ–J. The death of SSJ–J's mother prompted the filing of the suit. The trial court granted Cedric's motion to dismiss for lack of standing. Charles and Beverly appeal. We reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

Charles Johnson is SSJ–J's step-grandfather by virtue of his marriage to SSJ–J's maternal grandmother, Beverly. SSJ–J's natural parents are Beverly's daughter, Shanequa L. Johnson, and Cedric Johnson. Although Shanequa and Cedric never married, there is a court order establishing paternity between SSJ–J and Cedric. In addition to establishing paternity, the trial court's order appointed Shanequa and Cedric joint managing conservators of SSJ–J, with Shanequa having the right to establish SSJ–J's primary residence. Upon Shanequa's death, Charles and Beverly filed an Original Petition in Suit Affecting the Parent–Child Relationship seeking to be named managing conservators of SSJ–J. SSJ–J was eleven years old at the time the suit was filed. In an affidavit attached to the petition, Beverly stated that SSJ–J had lived in her home and under her care, custody and control since she was born. Cedric filed a plea in abatement contending that Charles and Beverly lacked standing to bring suit.

Thereafter, Charles filed a First Amended Original Petition in Suit Affecting Parent–Child Relationship, dropping Beverly as a party. In his amended petition, Charles alleges that appointment of Cedric as sole managing conservator or joint managing conservator with exclusive right to establish the child's residence would not be in the child's best interest and would significantly impair the child's physical health or emotional development. Charles also filed an affidavit similar to the one previously filed by Beverly stating that SSJ–J had lived in his home and under his care, custody and control since she was born.

He also stated that the child's physical health or emotional development would be significantly impaired if she were placed in the primary care and custody of Cedric. Beverly then filed a Petition in Intervention of Grandparent in Suit Affecting the Parent–Child Relationship.[1] She also alleged that appointment of Cedric as sole managing conservator or joint managing conservator with exclusive right to establish the residence of the child would not be in the child's best interest because it would significantly impair the child's physical health or emotional development. And, Beverly filed an affidavit with similar allegations. Cedric then filed another plea in abatement and a motion to dismiss for lack of standing. The trial court considered Cedric's plea in abatement and motion to dismiss at a hearing in which no live testimony was taken. Thus, the trial court had before it the affidavits of Charles and Beverly and arguments of counsel. At the conclusion of the hearing, the trial court granted Cedric's plea in abatement and motion to dismiss for lack of standing. Charles and Beverly appeal.

## DISCUSSION

◼ The question of who has standing to bring an original suit affecting the parent-child relationship seeking managing conservatorship is a threshold issue. *In re Pringle,* 862 S.W.2d 722, 724 (Tex.App.-Tyler 1993, no writ). Before determining the merits of a dispute, a trial court should determine whether a party has standing. *Id.* Standing is implicit in the concept of subject-matter jurisdiction. *Tex. Ass'n of*

1. According to Appellants' Brief, Beverly changed her status from petitioner to intervenor in order to invoke section 102.004(b) of the Texas Family Code, which provides specifically for grandparent standing. There is no need for reliance on the grandparent standing provision, however, since a grandparent can also qualify as "a person" under section

*Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993). And, standing presents a question of law. *Brunson v. Woolsey,* 63 S.W.3d 583, 587 (Tex.App.-Fort Worth 2001, no pet.). As with an order of dismissal for lack of subject-matter jurisdiction, we review an order of dismissal for lack of standing by construing the pleadings in favor of the plaintiff and looking to the pleader's intent. *Tex. Ass'n of Bus.,* 852 S.W.2d at 446. When considering a plea to the jurisdiction, the trial court should look solely at the pleadings and must take all allegations in the pleadings as true. *Wash. v. Fort Bend Indep. Sch. Dist.,* 892 S.W.2d 156, 159 (Tex.App.-Houston [14th Dist.] 1994, writ denied). Thus, we review the issue *de novo. Doncer v. Dickerson,* 81 S.W.3d 349, 353 (Tex.App.-El Paso 2002, no pet.).

◼ Charles and Beverly contend that they have standing to bring suit pursuant to section 102.003(a)(9) of the Texas Family Code. Section 102.003, entitled "General Standing to File Suit," is the general standing provision for filing an original suit affecting the parent-child relationship. Section 102.003(a)(9) provides that an original suit may be filed at any time by

a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition.

TEX. FAM.CODE ANN. § 102.003(a)(9) (Vernon Supp.2004). Charles and Beverly have met section 102.003(a)(9)'s standing

102.003(a)(9). *See In re C.M.V.,* 136 S.W.3d 280, 285 n. 2 (Tex.App.-San Antonio 2004, no pet.). Thus, whether Beverly is an intervenor or a petitioner makes no difference in this appeal; the issue is whether she and Charles have standing pursuant to section 102.003(a)(9).

requirement by pleading that they had actual care, control, and possession of SSJ–J for the requisite period of time.

Despite this fact, Cedric contends that, in addition to meeting sections 102.003(a)(9)'s standing requirement, Charles and Beverly must also meet the requirement of section 153.131 of the Family Code. That section, entitled "Presumption That Parent to be Appointed Managing Conservator," provides that

> unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child.

Tex. Fam.Code Ann. § 153.131(a) (Vernon 2002). Thus, according to Cedric, Charles and Beverly do not have standing because they did not plead that appointment of Cedric would significantly impair SSJ–J's physical health or emotional development. We note, however, that Charles and Beverly did, in fact, include allegations in Charles's amended pleading, Beverly's plea in intervention, and their affidavits that appointment of Cedric as sole managing conservator or as joint managing conservator with the right to establish residency of the child would significantly impair the child's physical health or emotional development. Cedric urges, however, that these pleadings were not sufficient, because in order to have standing, Charles and Beverly must specify wrongful conduct by Cedric that could be considered harmful to the physical or emotional health of the child. Cedric cites to a number of cases, including *In re Aubin,* 29 S.W.3d 199 (Tex.App.-Beaumont 2000, orig. proceeding), *Von Behren v. Von Behren,* 800 S.W.2d 919 (Tex.App.-San Antonio 1990, writ denied), *Lewelling v. Lewelling,* 796 S.W.2d 164 (Tex.1990), *Brigham v. Brigham,* 863 S.W.2d 761 (Tex.App.-Dallas 1993, writ denied), and *In re W.G.W.,* 812 S.W.2d 409 (Tex.App.-Houston [1st Dist.] 1991, no writ). None of these, however, are on point.

In *In re Aubin,* 29 S.W.3d 199, 201 (Tex.App.-Beaumont 2000, orig. proceeding), the Burks filed suit under the former version of section 102.003(a)(9) against Aubin, the mother of three children, claiming that the children had been in their actual care, control, and possession for at least six months. Aubin filed a motion to dismiss challenging the Burks' standing to bring suit. *Id.* After the trial court denied her motion, Aubin filed a petition for writ of mandamus, alleging that the Burks had failed to establish standing at the temporary hearing and that the Burks had failed to prove that Aubin had placed the children in any clear and immediate danger. *Id.* The appellate court denied the petition without stating a reason for its ruling. *Id.* A year later, the Burks filed a motion for enforcement of the possession order and a motion to modify the temporary orders requesting that they be named temporary sole managing conservators. *Id.* In response, Aubin filed a motion to dismiss for want of prosecution, which included allegations that the trial court's temporary orders were an unconstitutional governmental interference with her right to rear her children. *Id.* When Aubin did not appear at the hearing on the motion to enforce, the trial court refused to rule on any of the motions and suggested the Burks file a writ of habeas corpus. *Id.* A month later, the trial court granted the Burks' application for an ex parte writ of attachment. *Id.* In response, Aubin filed another petition for writ of mandamus, requesting the appellate court command the trial court to vacate all of the orders granting writ of attachment, and to instruct his clerk to

void the writs of attachment that have been issued. *Id.* at 201–02. In addition, Aubin requested that the appellate court command the trial court to vacate all temporary orders issued in this case, and to dismiss the suit. *Id.* at 202.

The appellate court, however, refused to order dismissal based on lack of standing, stating that there is some evidence in the record that the Burks had possession of the children for the requisite period. *Id.* at 203. The court further stated that the issue of whether Aubin is an unfit parent is the purpose of suits affecting the parent-child relationship and presents a factual dispute precluding granting mandamus relief on the trial court's denial of the motion to dismiss. *Id. In re Aubin,* therefore, does not support Cedric's argument.

Cedric also relies on *Von Behren v. Von Behren,* 800 S.W.2d 919, 920–21 (Tex.App.-San Antonio 1990, writ denied), in which a grandmother brought suit seeking to become managing conservator of her grandchildren. She brought the suit, however, pursuant to the standing provision for grandparents or others who have had substantial contact with the child. *Id.* at 921. This provision required proof that there is serious and immediate questions concerning the welfare of the child. *Id.* In upholding the trial court's dismissal for lack of standing, the appellate court made the distinction between those who are automatically given standing and those who are, because of an emergency situation, undertaking a rescue mission. *Id.* Thus, this case is distinguishable because Charles and Beverly have automatic standing under section 102.003(a)(9).

The case of *Lewelling v. Lewelling,* 796 S.W.2d 164 (Tex.1990), another case upon which Cedric relies, does not involve a standing issue, but instead is an appeal from a ruling on the merits. Likewise, *Brigham v. Brigham,* 863 S.W.2d 761 (Tex.App.-Dallas 1993, writ denied), is an appeal from a trial on the merits and does not involve the issue of standing. Similarly, *In re W.G.W.,* 812 S.W.2d 409 (Tex. App.-Houston [1st Dist.] 1991, no writ), is an appeal from a trial on the merits. Thus, none of these cases support Cedric's position. As such, Cedric has cited no authority supporting his argument that in order to have standing, Charles and Beverly must plead facts sufficient to satisfy both section 102.003(a)(9) and section 153.131(a).

In contrast, Charles and Beverly have cited pertinent authority in support of their standing argument. In *Doncer v. Dickerson,* 81 S.W.3d 349, 351 (Tex.App.-El Paso 2002, no pet.), the El Paso Court of Appeals interpreted the Family Code's standing statute in a situation similar to this case. In *Doncer,* Shelly Dickerson and Ray Doncer were married and had a son. *Id.* Upon divorce, Shelly and Ray were named joint managing conservators of the child, with Shelly having the right to establish the primary residence of the child. *Id.* Ray then married Deborah Doncer who, upon Ray's death, sought possessory conservatorship of the child. *Id.* at 251–52. Shelly argued that Deborah lacked standing because the child never resided in Deborah and Ray's home for a period of six consecutive months as required by the Family Code's general standing provision. *Id.* at 352. In holding that Deborah had standing, the El Paso Court of Appeals traced the history of the Family Code's standing statute.

The current Family Code standing statute derives from former section 11.03. *Id.* at 354. Section 11.03 originally provided that a suit affecting the parent-child relationship could be brought by any person with an interest in the child. *Id.* Later, a section was added which defined a person with an interest in the child as a person

who had possession and control of the child for at least six months immediately preceding the filing of the petition or was named in the code as being entitled to service by citation. *Id.* This new section "establishe[d] a reasonable minimum time after which a person supplying care and having actual custody of a child is deemed to have worked his or her way into standing to file, or to intervene in, a SAPCR." *Id.* at 355. Thus, "the legislature has determined that a person having had actual custody of a child for the 'magic period' of six months should be presumed to have 'an interest in the child.'" *Id.*

The standing statute was again amended to provide a laundry list of those entitled to bring suit. *Id.* The list included "a person who has had actual possession and control of the child for at least six months immediately preceding the filing of the petition." *Id.* Once again, the standing statute was amended to provide that an original suit may be brought by "a person with whom the child and the child's guardian, managing conservator, or parent have resided for at least six months immediately preceding the filing of the petition and the child's guardian, managing conservator, or parent is deceased at the time of the filing of the petition." *Id.* at 356. The commentary in the legislative issue of the Section Reports states:

> The amendment to subsection (a)(10) is primarily designed to give standing to a stepparent who assisted in raising a child in the event that the child's parent dies. Note, however, that the statutory language is not limited merely to stepparents; literally it can also include an unmarried cohabitant or even an adult sibling of the child of a deceased parent. *It should always be borne in mind that standing to sue does not mean a right to win, but merely a right to be heard in court. Therefore, those who claim standing under this new subsection still will most often be faced with overcoming the parental presumption in a contest for managing conservatorship with the surviving parent.* On the other hand, if possessory conservatorship is sought, this grant of standing is clearly the first step toward maintaining contact with the child.

*Id.* (emphasis added). When the Family Code was recodified, former section 11.03 became section 102.003. Subsection (8) became subsection (9) and subsection (10) became subsection (11). *Id.* at 357.

The standing statute was further amended to provide that foster parents who have had a child placed with them for not less than eighteen months have standing. *Id.* And, finally, the statute was amended to include section 102.003(a)(9), which provides that a person, other than a foster parent, who has had actual care, control, and possession of the child for six months ending not more than ninety days preceding the filing has standing. *Id.*

The El Paso Court of Appeals in *Doncer* was specifically called upon to interpret section 102.003(a)(11), which was "designed as a 'stepparent' statute, affording standing to, among others, a stepparent who helps raise a child when the stepparent's spouse—one of the child's parents—dies." *Id.* at 358. The court of appeals, however, looked no further than the general standing statute to determine standing. *Id.* at 362. Likewise, in interpreting section 102.003(a)(9), we see no reason and have found no authority that would require going beyond the general standing statute. There is simply nothing in the Family Code, or in cases interpreting the standing provision, that requires a petitioner under section 102.003(a)(9) to allege facts showing that the appointment of the parent would significantly impair the child's physical health or emotional development in

order to have standing. This is an issue that goes to the merits. Nevertheless, we recognize, as the El Paso Court of Appeals did in quoting the commentary to the Section Reports when the standing provision was amended: standing does not mean the right to win; it is only a right to be heard. Thus, those claiming standing to bring a SAPCR must overcome the parental presumption. *Id.* at 356. And, Charles and Beverly must still overcome the parental presumption in a trial on the merits.

According to Cedric, however, *Troxel v. Granville,* 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), invalidates *Doncer.* For support, Cedric cites to *Doncer* in which the court of appeals noted that *Troxel* issued after the trial court's ruling. *See Doncer,* 81 S.W.3d at 362. Because the trial court did not address whether *Troxel* impacted Doncer's suit, the appellate court did not consider it either, as to do so would be to render an advisory opinion. *Id.* There is nothing, however, in *Troxel* that would affect the decision in *Doncer.* Similarly, there is nothing in *Troxel* that would affect whether Charles and Beverly have standing in this case. *Troxel* involved the constitutionality of a grandparent visitation statute that allowed any person to petition the court for visitation rights at any time and allowed the court to grant such rights based on the best interest of the child. *Troxel,* 530 U.S. at 60, 120 S.Ct. 2054. The Supreme Court in *Troxel* held that the statute was unconstitutional because it infringed on a parent's fundamental right to make decisions concerning the care, custody, and control of her children. *Id.* at 72. *Troxel* does not, however, affect the standing issue presented by the case before us. As stated above, Charles and Beverly will still be required to overcome the parental presumption in a trial on the merits.

### CONCLUSION

In accordance with the above, we hold that Charles and Beverly have standing pursuant to the section 102.003(a)(9) of the Family Code. Accordingly, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings in accordance with this opinion.