COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-137-CV

 

 

IN THE INTEREST OF C.R.P., A CHILD

 

                                              ------------

 

              FROM
THE 271ST DISTRICT COURT OF WISE COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








This is an appeal from the
trial court=s dismissal
of a petition to vacate the adoption of C.R.P.,[1]
and in the alternative, original petition for suit affecting the parent-child
relationship.  In three issues, Crystal
and Larry assert that the trial court erroneously concluded that provisions in
the family code barred Crystal=s suit to set aside the termination of her parental rights, that the
bars to a suit attempting to set aside a termination judgment
unconstitutionally infringe on a mother=s rights when she unknowingly and involuntarily surrendered her
parental rights to the child in documents procured by subterfuge, and that the
trial court erroneously concluded that Crystal and Larry lacked standing to
file a suit affecting the parent-child relationship.  We affirm.

STATEMENT OF FACTS

Crystal is the daughter of
Billy Ray and Rosmarie, and the biological mother of C.R.P.  Crystal was seventeen years old and living
with her parents when she became pregnant with C.R.P.  On October 28, 1999, the trial court
terminated Crystal=s parental
rights because she had executed an unrevoked or irrevocable affidavit of
relinquishment of parental rights to her child, C.R.P.  The trial court granted the adoption of
C.R.P. to her maternal grandparents, Rosemarie and Billy Ray; Billy Ray is now
deceased.  Subsequently, Crystal married
Larry, who has no biological relation to C.R.P.

On September 7, 2004, Crystal
and Larry filed a petition to vacate the adoption, and in the alternative, an
original petition in a suit affecting the parent-child relationship and
requesting a temporary restraining order. 
Rosemarie filed a motion to dismiss, and the trial court dismissed the
case.

STANDING








In their first issue, Crystal
and Larry assert that the trial court erroneously concluded that several
provisions in the family code bar the suit to set aside the termination of
Crystal=s parental rights.  In their
third issue, Crystal and Larry assert that the trial court erroneously
concluded that Crystal and Larry lacked standing to file a suit affecting the
parent-child relationship. 

Standing is a question of
law, and we review the issue de novo.  In re SSJ‑J, 153 S.W.3d 132, 134
(Tex. App.CSan Antonio
2004, no pet.).  As with an order of
dismissal for lack of subject matter jurisdiction, we review an order of
dismissal for lack of standing by construing the pleadings in favor of the
plaintiff and must look to the pleader=s intent.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993).








The family code provides that
the trial court may terminate a parent=s rights to a child if the parent executes an unrevoked or irrevocable
affidavit of relinquishment of parental rights and the termination is in the
child=s best interest.  Tex. Fam. Code Ann. ' 161.001(1)(K), (2) (Vernon Supp. 2005); see also id.  ' 161.103.  After a valid
termination, the court may also provide for the child=s adoption.  Tex. Fam. Code Ann. ' 162.016 (Vernon 2002).  The
validity of an order terminating a person=s parental rights under an affidavit of relinquishment of parental
rights is not subject to collateral or direct attack after the sixth month
after the date the order was signed. 
Tex. Fam. Code Ann. ' 161.211(a).  A direct or
collateral attack on an order terminating parental rights based on an unrevoked
affidavit of relinquishment of parental rights is further limited to issues of
fraud, coercion, or duress.  Tex. Fam. Code Ann. ' 161.211(c).  Additionally, the
validity of an adoption order is not subject to attack after six months
following the date the adoption order was signed.  Tex.
Fam. Code Ann. ' 162.012(a).

Crystal contends that the
affidavit was executed unknowingly and involuntarily, and thus, it was void,
which amounts to an assertion of fraud, duress, or coercion.  Though the legislature has permitted such
challenges to an affidavit of voluntary relinquishment of parental rights, the
suit is nonetheless barred by the family code because her challenge to the
affidavit began nearly five years following the termination of her parental
rights, well beyond the statutory six-month limitation.  See Tex.
Fam. Code Ann. '' 161.211(a),
(c).








Crystal and Larry rely upon Vela
v. Marywood in support of the contention that the affidavit of voluntary
relinquishment was void because Rosemarie and Billy Ray obtained it by
fraud.  See 17 S.W.3d 750 (Tex.
App.CAustin 2000, pet. denied).  Vela
is distinguishable from the present case because of the relevant time
period.  In Vela, the mother
signed a relinquishment affidavit on April 28, 1999, and then on April 29,
1999, the adoption agency filed a petition to terminate her rights.  Id. at 755-56.  On May 12, 1999, an associate judge
recommended termination of the mother=s parental rights, and then the mother Aimmediately gave notice that she was appealing the associate judge=s termination recommendation to the district court.@  Id. at 756.  On June 8, 1999, the district court conducted
a de novo trial and terminated the mother=s parental rights.  Id.
at 756-57. The mother then directly appealed the district court=s judgment, which necessarily means the challenge was brought within
the relevant six-month time frame because, according to the rules of appellate
procedure, a notice of appeal in a civil case must be filed within thirty days
after the judgment is signed, notwithstanding certain exceptions.  See id.; Tex. R. App. P. 26.1.

In the present case, Crystal
did not attack the validity of the affidavit until nearly five years following
the termination of her parental rights, well beyond the statutory six-month
time frame.  See Tex. Fam. Code Ann. '' 161.211(a), (c).  Additionally,
the validity of the adoption order was not subject to attack after the six
month period following the date that the order was signed, but Crystal and
Larry did not file the petition to vacate the adoption until September 7, 2004,
a time well beyond the statutory six-month time period.  See Tex.
Fam. Code Ann. '
162.012(a).  Accordingly, we overrule
Crystal and Larry=s first
issue.








The family code dictates that
a former parent whose parental rights have been terminated lacks standing to
file an original suit affecting the parent-child relationship.  See Tex.
Fam. Code Ann. '
102.006(a)(1) (Vernon 2002). 
Additionally, if the parent-child relationship between the child and
every living parent of the child has been terminated, an original suit
affecting the parent-child relationship cannot be filed by any family members
or relatives by blood, adoption, or marriage of either a former parent whose
parent‑child relationship 

has been terminated or of the father of the
child.  Id. ' 102.006(a)(3).  Thus, because
Crystal=s parental rights have been terminated, neither she nor her husband,
Larry, have standing to file an original petition in a suit affecting the
parent-child relationship.  See id. '' 102.006(a)(1), (a)(3). Accordingly, we overrule Crystal and Larry=s third issue.

CONSTITUTIONAL CHALLENGE








In their second issue,
Crystal and Larry assert that the application of the family code to bar the
suit was an unconstitutional deprivation of Crystal=s rights as a parent because the original termination and adoption
were accomplished by subterfuge. Crystal and Larry assert an as-applied
constitutional challenge to family code section 161.211.  A parent=s rights to Athe
companionship, care, custody, and management@ of his or her children are constitutional interests.  Santosky v. Kramer, 455 U.S. 745,
758-59, 102 S. Ct. 1388, 1397 (1982).  As
a rule, a claim, including a constitutional claim, must have been asserted in
the trial court in order to be raised on appeal.  Dreyer v. Green, 871 S.W.2d 697, 698
(Tex. 1993).  In this case, the issue of
the constitutionality of family code section 161.211 was never raised before
the trial court.

Crystal and Larry=s petition contains a section entitled APetitioner=s Standing
on Constitutional and Other Grounds.@  Within this section, Crystal
and Larry assert that they have standing to bring this suit because Crystal did
not voluntarily relinquish her parental rights at the time of the child=s adoption, citing In re V.R.W., 41 S.W.3d 183, 192-93 (Tex.
App.CHouston [14th Dist.] 2001, no pet.) (holding that an involuntarily
executed affidavit is a complete defense to a termination decree).  They further state that the Apurported adoption was indeed obtained by coercion, duress, fraud,
deception, undue influence, and overreaching@ by Rosemarie.  Crystal and
Larry also assert in that subsection that they Ahave been the only parents the child has known.@

In the response to the motion
to dismiss, Crystal and Larry assert that the six-month cut-off is not an
absolute bar to their cause of action. 
They also contend that the affidavit of relinquishment was invalid because
it was obtained by fraud, misrepresentation, or overreaching by Rosemarie.








None of these assertions in
the trial court clearly raise an as-applied challenge to the constitutionality
of family code section 162.211.  After a
careful review of the record, we are unable to find any assertion in the trial
court that family code section 162.211 is unconstitutional as applied.  Accordingly, this issue has not been
preserved for our review.  We overrule
Crystal and Larry=s second
issue.

CONCLUSION

Having overruled Crystal and
Larry=s three points, we affirm the judgment of the trial court.

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
B:  LIVINGSTON, DAUPHINOT and HOLMAN, JJ.

 

DELIVERED:  April 13, 2006











[1]To
protect the privacy of the parties involved in this appeal, we identify the
child by initials only and the parties by first names only.  See Tex.
Fam. Code Ann. '
109.002(d) (Vernon 2002).