*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★ ★ ★ ★

## OPINION

No. 04-08-00507-CV

**IN THE INTEREST OF Y.B.**, K.B., and T.B., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-03913
Honorable Andy Mireles, Judge Presiding

## OPINION ON APPELLEE'S MOTION FOR REHEARING

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Sandee Bryan Marion, Justice
            Phylis J. Speedlin, Justice
            Marialyn Barnard, Justice

Delivered and Filed:   May 20, 2009

REVERSED AND REMANDED

The motion for rehearing filed by appellee Tina Bruno is denied. This court's opinion and judgment dated March 18, 2009, are withdrawn, and this opinion and judgment are substituted.

David Swift appeals the trial court's determination that he has no standing under section 102.003(a)(9) to bring a SAPCR seeking managing conservatorship. *See* TEX. FAM. CODE ANN. § 102.003(a)(9) (Vernon 2008). Because a disputed fact issue exists as to whether Swift met the statute's six-month requirement, the trial court erred in granting the plea to the jurisdiction.

Accordingly, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings.

### BACKGROUND

Swift and Tina Bruno have known each other for over ten years. In December of 2004, Bruno traveled to the Ukraine to adopt three girls. Bruno is the girls' only legal parent. On April 22, 2007, Swift and Bruno married. On January 21, 2008, Swift moved out of Bruno's house. He filed a suit affecting the parent-child relationship ("SAPCR") on March 10, 2008. A week later, Bruno filed a plea to the jurisdiction and motion to dismiss, challenging Swift's standing to bring a SAPCR; a hearing was held the same day. Conflicting testimony was presented regarding whether Swift met the requisite amount of time required to establish standing under the Family Code. The trial court granted Bruno's plea to the jurisdiction and motion to dismiss, and awarded Bruno $4,000 in attorney's fees. In its findings of fact and conclusions of law, the trial court found that Swift did not have actual care, control, and possession of the children for at least six months. The trial court concluded that Swift lacked standing under section 102.003(a)(9) of the Family Code to bring a SAPCR. Swift now appeals.

### STANDARD OF REVIEW

The question of who has standing to bring an original suit affecting the parent-child relationship seeking managing conservatorship is a threshold issue. *In re SSJ-J*, 153 S.W.3d 132, 134 (Tex. App.—San Antonio 2004, no pet.). Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443-44 (Tex. 1993). Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d

217, 226 (Tex. 2004). The plaintiff has the burden to allege facts demonstrating jurisdiction and we construe the pleadings liberally in its favor. *Id.* When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court reviews the relevant evidence to determine whether a fact issue exists. *See id.* at 227. If the evidence raises a fact question on jurisdiction, the trial court cannot grant the plea and the issue must be resolved by the trier of fact. *Id.* at 227-28. If the evidence is undisputed or fails to raise a fact question, the trial court must rule on the plea as a matter of law. *Id.* at 228. We review the trial court's ruling *de novo*. *Id.* We take as true all evidence favorable to the nonmovant and indulge every reasonable inference in its favor. *Id.* When the trial court makes and files findings of fact and conclusions of law, as in this case, we review the trial court's findings under the sufficiency of the evidence standard, and the trial court's conclusions of law are reviewed *de novo*. *Lonza AG v. Blum*, 70 S.W.3d 184, 189 (Tex. App.—San Antonio 2001, pet. denied).

## DISCUSSION

In his pleadings, Swift alleged that he had standing to bring suit pursuant to section 102.003(a)(9) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 102.003(a)(9) (Vernon 2008). Section 102.003(a)(9) provides that, "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition" may file an original suit requesting managing conservatorship. *Id.* In computing the time necessary for standing under subsection (a)(9), "the court may not require that the time be continuous and uninterrupted but shall consider the child's principal residence during the relevant time preceding the date of commencement of the suit." *Id*. § 102.003(b) (Vernon 2008). The purpose of section 102.003(a)(9) is to create standing for those who have developed and

maintained a relationship with a child over time. *T.W.E. v. K.M.E.,* 828 S.W.2d 806, 808 (Tex. App.—San Antonio 1992, no writ) (examining former Family Code section 11.03(a)(8)); *Coons-Andersen v. Andersen*, 104 S.W.3d 630, 636 (Tex. App.—Dallas 2003, no pet.). A determination of standing under this section is necessarily fact specific and resolved on an *ad hoc* basis. *In re M.P.B.,* 257 S.W.3d 804, 809 (Tex. App.—Dallas 2008, no pet.) (citing *Doncer v. Dickerson*, 81 S.W.3d 349, 362 (Tex. App.—El Paso 2002, no pet.)). "[S]tanding does not mean the right to win; it is only the right to be heard." *In re SSJ-J*, 153 S.W.3d at 138.

At the hearing on the plea to the jurisdiction, Bruno testified that Swift did not immediately move in with her and the children after they were married in April 2007, but waited until August 24, 2007. From April to August, Swift would stay at his home during the week and spend Friday and Saturday nights at her home with her and the girls; it was easier for Swift to stay at his house during the week because it was closer to his office. Prior to moving in, Swift would occasionally babysit the girls while she was out with friends or out of town on business. He usually ate dinner with Bruno and the girls. After Swift moved in, he drove the oldest child to and from school in New Braunfels for nine weeks. After he picked her up, he would take her back to his office where she worked on her homework. Bruno asked the girls to call Swift "Dad" and stated that he "was an important part of their li[ves]." At the time of the hearing, Bruno and Swift were still married and there was no pending lawsuit for divorce.

Swift testified that prior to moving in with Bruno, he ate dinner with the family almost every night and spent time with the girls before they went to bed. He stated that he moved in to Bruno's home immediately after their marriage on April 22, 2007, and that he spent most nights there. He kept his separate residence because he and Bruno planned to build a house in New Braunfels and

then sell both of their houses. The girls started calling him "Dad" or "Daddy" immediately after he and Bruno were married. He helped to prepare the girls' breakfast, helped with homework, took them fishing, bathed the youngest child, and stated that he and Bruno shared the responsibility of caring for the girls. Swift, however, disagreed with the manner in which Bruno disciplined the girls and believed she punished them too severely.

In addition, Bruno's mother and four friends testified that they often visited Bruno's home and rarely saw Swift there, except on holidays. Swift's former employee testified that Swift moved in with Bruno a month after they married.

Taking as true all evidence favorable to the nonmovant, we conclude this evidence raises a fact issue as to whether Swift met the six-month requirement pursuant to section 102.003(a)(9). Two witnesses testified that Swift lived with the girls for over six months. Additionally, the evidence showed that Swift's interaction with the children from April to January was substantial, and that the children thought of him as their father. Because there is disputed evidence creating a fact issue regarding the length of time that Swift had actual care, control, and possession of the girls, the trial court cannot grant the plea and the issue must be resolved by the trier of fact.[1] *See Miranda*, 133 S.W.3d at 227-28. Swift's first issue is sustained.

---

[1] Bruno contends that, even taking as true Swift's "self-serving" testimony that he resided with the girls for over six months, he admitted that he had no actual control over the girls for at least six months, and therefore no fact issue was raised to prevent the trial court from granting the plea to the jurisdiction. We disagree that Swift made such an admission. Bruno is referring to testimony elicited under cross-examination, where Swift stated that Bruno controlled his interactions with the girls and controlled their discipline; however, Swift later stated that he did not relinquish control of the girls to Bruno, but rather allowed Bruno to discipline the children in the manner in which the girls' therapist advised they be disciplined. Furthermore, as Swift notes, the statute does not require that the petitioner's care, control, or possession of the children be exclusive. *See T.W.E.*, 828 S.W.2d at 808.

In his second issue, Swift appeals the trial court's award of attorney's fees to Bruno. Bruno requested sanctions under Rule 13 of the Texas Rules of Civil Procedure and Chapters 9 and 10 of the Texas Civil Practice and Remedies Code. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001, 10.004 (Vernon 2008). Because we have concluded that the trial court erred in granting the plea to the jurisdiction, we cannot agree that Swift's pleadings were groundless or brought in bad faith or for the purpose of harassment. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001, 10.004. Accordingly, Swift's second issue is sustained, and we also reverse the portion of the trial court's judgment awarding $4,000 in attorney's fees to Bruno.

## CONCLUSION

Based on the foregoing analysis, we conclude the trial court erred in granting the plea to the jurisdiction and dismissing Swift's SAPCR for lack of standing. Accordingly, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

Phylis J. Speedlin, Justice