

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00189-CV

## IN THE INTEREST OF
## Y.H.T., A.M.T. AND R.S.T., CHILDREN

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. 42,488**

## MEMORANDUM OPINION

In two issues, appellant, Teisa I. Tupou-Pati, challenges the trial court's dismissal of her petition seeking managing conservatorship of her grandchildren, Y.H.T., A.M.T., and R.S.T. Because we agree that appellant lacked standing to file suit in this matter, and because we conclude that the trial court did not abuse its discretion by denying appellant's motions for new trial and to reinstate, we affirm.

### I.    STANDARD OF REVIEW

A party seeking conservatorship of a child must have standing to seek such relief. *In re S.S.J.-J.*, 153 S.W.3d 132, 134 (Tex. App.—San Antonio 2004, no pet.). "Standing is implicit in the concept of subject[-]matter jurisdiction." *Tex. Ass'n of Bus. v.*

*Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Because "[s]ubject[-]matter jurisdiction is essential to the authority of a court to decide a case," a party's lack of standing deprives the court of subject-matter jurisdiction and renders subsequent trial-court action void. *Id.*; *see In re Smith*, 260 S.W.3d 568, 572 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). A party's standing to seek relief is a question of law we review de novo. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2007); *see In re S.S.J.-J.*, 153 S.W.3d at 134.

When standing has been conferred by statute, the statute itself serves as the proper framework for a standing analysis. *In re Sullivan*, 157 S.W.3d 911, 915 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding); *see In re Smith*, 260 S.W.3d at 572. In the context of a suit affecting the parent-child relationship, standing is governed by the Texas Family Code, and "[t]he party seeking relief must allege and establish standing within the parameters of the language used in the statute." *In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied). When standing has been sufficiently alleged in the pleadings, and the jurisdictional challenge attacks the existence of jurisdictional facts, the trial court considers the evidence submitted by the parties to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). The burden of proof on the issue of standing is on the party asserting standing. *In re Pringle*, 862 S.W.2d 722, 725 (Tex. App.—Tyler 1993, no writ.). In a family-law case, when the petitioner is statutorily required to establish standing with "satisfactory proof," the evidentiary standard is a preponderance of the evidence. *In re A.M.S.*, 277 S.W.3d 92, 96 (Tex. App.—Texarkana 2009, no pet.); *Von Behren v. Von*

*Behren*, 800 S.W.2d 919, 921 (Tex. App.—San Antonio 1990, writ denied). The petitioner must show the facts establishing standing existed at the time suit was filed in the trial court. *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001); *see In re Vogel*, 261 S.W.3d 917, 921 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). If the petitioner fails to meet her burden, the trial court must dismiss the suit. *In re M.T.C.*, 299 S.W.3d 474, 480 (Tex. App.—Texarkana 2009, no pet.).

## II.     THE TRIAL COURT'S JUDGMENT

In her first issue, appellant contends that the trial court erred in dismissing her petition because she presented sufficient evidence demonstrating that present circumstances significantly impair the physical and emotional development of the children.

At the outset, we note that the trial court dismissed appellant's petition for lack of standing. With respect to standing, appellant alleged the following in her original petition: "Petitioner has standing to bring this suit in that she had the children relinquished to her custody for a period over 6 months and she is connected within a third level of consanguinity to the children." This language does not track any specific provisions in the Texas Family Code; however, it appears that appellant, in her original petition, attempts to satisfy section 102.003(a)(9) of the Texas Family Code, which provides as follows:

> (a) An original suit may be filed at any time by:
>
>> (9) a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending

not more than 90 days preceding the date of the filing of the petition.

*See* TEX. FAM. CODE ANN. § 102.003(a)(9) (West 2008); *see also In re M.J.G.*, 248 S.W.3d 753, 757 (Tex. App.—Fort Worth 2008, no pet.).

At trial, appellant testified that the children had rooms at her house and that the children stayed with her for extended periods of time. However, appellant later admitted that the children did not stay the night with her every night. In addition, appellant claimed that the children lived with her at all times, except when the mother of the children got upset and took the children away. When asked on cross-examination, appellant denied knowing that these allegations were not contained in the latest CPS report involving the children.[1] Furthermore, appellant acknowledged that the children were retrieved from appellant by the children's mother "at the end of June" 2013. Yet, the record reflects that appellant filed her original petition in suit affecting the parent-child relationship on December 12, 2013, or in other words, more than ninety days after June 2013—the last time the children were in appellant's custody. Therefore, based on the testimony adduced at trial, we cannot say that appellant satisfied the standing requirements articulated in section 102.003(a)(9) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 102.003(a)(9); *see also In re M.J.G.*, 248 S.W.3d at 757.

Nevertheless, on appeal, appellant attempts to challenge the trial court's judgment by arguing that she presented sufficient evidence demonstrating that present circumstances significantly impair the physical and emotional development of the

---

[1] The record references numerous CPS reports involving the children. For each of the allegations, CPS ruled out or was unable to determine whether any abuse had transpired.

children. Appellant did not assert this argument in her petition. Instead, appellant first raised this argument in her motions for new trial and to reinstate—both of which were filed by new counsel after the trial court entered its final judgment. Indeed, in these motions, appellant acknowledged the following:

> The petition stated the basis for Petitioner's suit as "she had the children relinquished to her custody for a period over 6 months and she is connected within a third level of consanguinity to the children." *Petitioner's* [sic] *had another basis for her suit which was omitted from her petition and which was Texas Family Code Sec. 102.004(a)(1), specifically circumstances endangering to the children's physical health or emotional well-being.* This was Petitioner's primary legal ground and concern for the best interests of the children the subject of this suit.

(Emphasis added).

Texas Rule of Appellate Procedure 33.1(a)(1) provides that, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion with sufficient specificity. *See* TEX. R. APP. P. 33.1(a)(1); *see also Comerford v. Davis*, Nos. 2-09-161-CV, 2-09-168-CV, 2009 Tex. App. LEXIS 9946, at *4 (Tex. App.—Fort Worth Dec. 31, 2009, no pet.) (mem. op.) ("If a party does not present an argument to the trial court through a timely request, objection, or motion, the argument is not preserved and cannot be made on appeal."). Because appellant did not make this argument in her original petition and, instead, first raised the argument in her motions for new trial and to reinstate, we conclude that appellant did not timely assert her argument pertaining to the endangerment of the children's physical health or emotional well-being. *See* TEX. R. APP. P. 33.1(a)(1); *see also Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d

857, 861 (Tex. 2001) (determining that an argument that the purported father had a constitutional right to be heard on his paternity claim was waived, where the purported father failed to assert it in pleadings or at the hearing on standing); *Loera v. Interstate Inv. Corp.*, 93 S.W.3d 224, 228 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("Appellants cannot rewrite their pleadings to allege new causes of action for the first time in a motion for new trial. 'It is well settled that an appellate court should not decide a case on a theory different from that on which it was pleaded and tried'" (quoting *Wiley-Reiter Corp. v. Groce*, 693 S.W.2d 701, 704 (Tex. App.—Houston [14th Dist.] 1985, no writ))).

Therefore, based on the foregoing, we cannot say that the trial court erred in dismissing appellant's petition for lack of standing. *See City of Sunset Valley*, 146 S.W.3d at 646; *see also In re S.S.J.-J.*, 153 S.W.3d at 134. Accordingly, we overrule appellant's first issue.

### III. THE DENIAL OF APPELLANT'S MOTIONS FOR NEW TRIAL AND TO REINSTATE

In her second issue, appellant contends that the trial court abused its discretion by denying her motions for new trial and to reinstate because she presented sufficient evidence to permit the re-opening of her case. We disagree.

We review a trial court's denials of motions for new trial for abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (citing *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994)). If there is a claim of newly-discovered evidence, the movants must bring forward noncumulative evidence of which they did not become aware, and could not with the exercise of diligence have become aware,

until after trial. *In re M.J.G.*, 248 S.W.3d at 759 (citing *In re K.L.R.*, 162 S.W.3d 291, 311 (Tex. App.—Tyler 2005, no pet.)). This newly-discovered evidence must be so material that it would probably produce a different result. *Id.* (citing *In re K.L.R.*, 162 S.W.3d at 311). More specifically, the newly-discovered evidence must strongly show that the original custody order would have a serious adverse effect on the interest and welfare of the children and that presentation of that evidence at another trial would probably change the result. *Id.* (citing *In re K.L.R.*, 162 S.W.3d at 311).

In her post-judgment motions, appellant attempts to establish standing under section 102.004 of the Texas Family Code, which provides the following:

(a) In addition to the general standing to file suit provided by Section 102.003, a grandparent, or another relative of the child related within the third degree of consanguinity, may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that:

   (1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development; or

   (2) both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit.

(b) An original suit requesting possessory conservatorship may not be filed by a grandparent or other person. However, the court may grant a grandparent or other person deemed by the court to have had substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this subchapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.

(c) Possession of or access to a child by a grandparent is governed by the standards established by Chapter 153.

TEX. FAM. CODE ANN. § 102.004 (West 2008). Appellant focuses primarily on section 102.004(a)(1). *See id.* § 102.004(a)(1).

In support of her motions, appellant attached affidavits executed by appellant and appellant's daughter documenting incidents that happened before trial.[2] Importantly, the information contained in the affidavits described alleged matters that arose prior to the date of the hearing on the underlying motion to dismiss. Appellant does not explain why much of this information was not presented to the trial court at the time of the hearing on the motion to dismiss. Moreover, appellant does not establish that the evidence presented in the affidavits constituted noncumulative, newly-discovered evidence. *See In re M.J.G.*, 248 S.W.3d at 759. Given all of this, we cannot say that the trial court abused its discretion in denying appellant's motions for new trial and to reinstate. *See In re R.R.*, 209 S.W.3d at 114; *see also In re M.J.G.*, 248 S.W.3d at 759; *In re K.L.R.*, 162 S.W.3d at 311. We overrule appellant's second issue.

## IV.  CONCLUSION

Because we have overruled both of appellant's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

---

[2] In fact, both of the affidavits contain numerous hearsay statements.

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed March 5, 2015
[CV06]

