**Mark S. MAXWELL, D.O., Appellant,**

v.

**David ELKINS and Juanita Elkins, Appellees.**

**No. 11–05–00339–CV.**

Court of Appeals of Texas, Eastland.

July 20, 2006.

Rehearing Overruled Aug. 24, 2006.

Jim Hund, Linda Russell, Hund & Harriger, L.L.P., Lubbock, for appellant.

Kelly Lovitt Reddell, Paula Sweeney, Howie & Sweeney, L.L.P., Dallas, for appellees.

Panel consists of: WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

Dr. Mark S. Maxwell filed this interlocutory appeal from the trial court's order denying his motion to dismiss the health care liability claims of David and Juanita Elkins. We affirm.

David Elkins suffered a job-related back injury and received numerous treatments related to the injury. The doctors determined that David's injury would require surgery to alleviate his back pain. On October 18, 2002, Dr. Maxwell performed a bilateral decompression hemilameniectomy on David's back to treat bilateral facet fractures at the T–8 and T–9 level. David continued to suffer from back pain. The Elkins' claim is that Dr. Maxwell performed the surgery at the T–7 and T–8 level rather than the T–8 and T–9 level.

The chronology of events that occurred after the Elkins first filed suit presents us with a complicated procedural posture on appeal. On August 14, 2003, the Elkins filed suit against Dr. Maxwell and Hendrick Medical Center for negligence. At the time the Elkins filed their 2003 lawsuit, claims against health care providers were governed by the Medical Liability and Insurance Improvement Act, TEX.REV. CIV. STAT. art. 4590i, Acts 1999, 76th Leg., ch. 242, § 1 (repealed 2003). As relevant to this case, that statute contained a provision that, if a claimant did not furnish an expert report within 180 days after the date on which a health care liability claim was filed, the claim would be dismissed with prejudice. Article 4590i, section 13.01(d). The Elkins furnished a report from Dr. Michael G. Kaldis, but they did not furnish it within 180 days of the filing of their claim because of a calendaring mistake. Dr. Maxwell filed a motion to dismiss objecting to the timeliness of the report. Dr. Maxwell later withdrew his motion and agreed that the report could be considered to be filed timely; he reserved his right to question the sufficiency of the report.

On April 2, 2004, Dr. Maxwell filed another motion to dismiss challenging the sufficiency of the Kaldis report. On April 5, 2004, the Elkins filed an amended petition adding another physician as a defendant. The Elkins filed a notice of nonsuit dated April 7, 2004; the nonsuit was directed only at the claim against Dr. Maxwell. The Elkins answered the motion to dismiss and also sought an extension of time to file an expert report. The trial court heard these motions on April 30, 2004. On May 25, 2004, it granted a 30–day extension to the Elkins. The trial court also denied Dr. Maxwell's motion to dismiss. There is some dispute as to whether the trial court ruled on Dr. Maxwell's motion to dismiss directed at the timeliness of the Kaldis report or the motion to dismiss that was based upon the sufficiency of the Kaldis report. We will discuss that dispute later in this opinion. In its order granting the extension and denying the motion to dismiss, the trial

court also found that the Elkins' nonsuit "remains in full force and effect." The trial court never entered an order of nonsuit, and the Elkins did not file another report within the period of the 30–day extension. The claim against Dr. Maxwell was severed from other claims in the lawsuit.

On October 25, 2004, the Elkins filed a new lawsuit asserting the same claims against Dr. Maxwell. On February 2, 2005, they also filed a new expert report signed by Dr. R. David Bauer. On April 22, 2005, the trial court, by agreement of the parties, consolidated the 2003 lawsuit with the 2004 lawsuit.

By the time that the Elkins filed the 2004 lawsuit, the legislature had repealed Article 4590i and replaced it with TEX. CIV. PRAC. & REM.CODE § 74.351 (2005).[1] Section 74.351(a), as it existed at the time the Elkins filed this suit, contained the following provision:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the claim was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.[2]

The term "claim" as used in Section 74.351(a) meant a health care liability claim. Section 74.351(r)(2). A health care liability claim is defined as:

> [A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care ... which proximately results in injury to or death of a claimant.

TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(13) (Vernon 2005).

The parties agreed and the court ordered that, once the cases were consolidated, they were "to proceed under Tex. Civ. Prac. & Rem.Code, Chapter 74." The two cases were to proceed under the cause number assigned to the 2004 lawsuit.

On July 5, 2005, Dr. Maxwell filed another motion to dismiss in which he claimed that the Bauer report was not timely filed as required by "Tex. Civ. Prac. & Rem.Code § 74.351(a)." He also claimed that the Kaldis report was insufficient. After a hearing, the trial court denied Dr. Maxwell's motion to dismiss on September 22, 2005.

Dr. Maxwell argues in his sole issue on appeal that the trial court erred in denying his motion to dismiss. This interlocutory appeal under TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9), (10) (Vernon Supp. 2005). The notice of appeal states that it is from "the Court's Order dated September 26, 2005." The record before this court does not contain an order dated September 26, 2005. Therefore, we will assume that the appeal is from the order dated September 22, 2005.

---

1. TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2005) has been amended for cases filed after September 1, 2005.

2. Current Section 74.351(a) provides:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

■ We review a trial court's order on a motion to dismiss under an abuse of discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001); *Buck v. Blum,* 130 S.W.3d 285, 291 (Tex.App.-Houston [14th Dist.] 2004, no pet.). We must determine whether the trial court acted arbitrarily and without reference to any guiding rules or principles. *Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex.2003).

■ Dr. Maxwell contends basically that the parties have agreed that Section 74.351(a) applies to the consolidated lawsuit; that Section 74.351(a) requires that a claimant file an expert report within 120 days of the filing of the claim; that the claim was filed when the 2003 lawsuit was filed; that the Bauer report was not filed within 120 days of the filing of the 2003 lawsuit; that the Bauer report was, therefore, late; and that the Kaldis report was insufficient. Dr. Maxwell did not contest the sufficiency of the Bauer report.

The Elkins argue that, even if Dr. Maxwell is correct regarding the timeliness of the Bauer report, he has agreed that the first expert report—the Kaldis report—was timely, that the trial court entered an order denying Dr. Maxwell's motion challenging the sufficiency of the Kaldis report, and that Dr. Maxwell has never appealed that ruling. Thus, it is the Elkins' position that the Kaldis report is sufficient to satisfy the requirements of Section 74.351(a), regardless of the timeliness argument directed at the Bauer report.

The Kaldis report was timely, both by order of the trial court and by Dr. Maxwell's agreement. Thus, if the report was also adequate, then we do not reach the question of whether the Bauer report was timely because the Kaldis report would satisfy the requirements of the statute.

On appeal, Dr. Maxwell argues that, when the trial court heard the motion to dismiss in the 2003 lawsuit, it heard only the timeliness issue and did not rule on the sufficiency of the Kaldis report. In his motion to dismiss filed in the 2004 lawsuit, Dr. Maxwell makes the statement that, on April 30, 2004, "Court[s] conducts hearings on Notice of Non-suit, Motion for Extension of Time to File Expert Report, Motion to Dismiss, and Motion Challenging Adequacy of Kaldis Report." He also states that the trial court, in its ruling on the 2003 motion, ruled only upon the timeliness issue and not on the issue of the adequacy of the Kaldis report. The trial court states in its order in the 2003 lawsuit that the extension under Article 4590i, section 13(g) is granted, that the nonsuit "remains in full force and effect," and that "[t]he Defendant's, Mark S. Maxwell's, Motion for Dismissal with prejudice and for Sanctions is Denied." We note that at the time of the ruling Dr. Maxwell had only one motion pending before the trial court—his "Motion Challenging the Sufficiency of Plaintiff's Article 4590i § 13.01(d) Expert Report." He previously had withdrawn his motion challenging the timeliness of the Kaldis report.

Because the timeliness of the Kaldis report was no longer an issue, the only pending matters before the trial court were necessarily dependent upon a determination of the adequacy of the Kaldis report. Although Dr. Maxwell argues that the trial court never ruled on the motion to dismiss that was based on the adequacy of the Kaldis report, he acknowledges in his brief to this court that the trial court necessarily gave consideration to the adequacy of the report because, "otherwise, there would have been no reason to grant the Elkins the requested thirty day extension of time."

In the absence of support in the record, we may not speculate on why the trial court granted the extension and yet denied the motion to dismiss. The trial court implicitly found that the Kaldis report was

substantively adequate. The trial court's thought process is not a part of this record; its actions are. The trial court denied Dr. Maxwell's motion to dismiss. That ruling was not appealed, and the adequacy of the Kaldis report was not before the trial court when it denied the motion to dismiss in the 2004 lawsuit. The trial court did not err when it denied Dr. Maxwell's sole motion to dismiss the 2004 lawsuit. Dr. Maxwell's sole issue on appeal is overruled.

In view of our ruling, we need not discuss Dr. Maxwell's argument that the time for filing expert reports under Section 74.351(a) begins with the date that the claimant files the first lawsuit asserting a health care liability claim, even if the claimant nonsuits the first lawsuit and files a new one. *See Park v. Lynch,* 194 S.W.3d 95 (Tex.App.-Dallas 2006, no pet. h.); *Mokkala v. Mead,* 178 S.W.3d 66 (Tex. App.-Houston [14th Dist.] 2005, pet. filed); *Puls v. Columbia Hosp. at Med. City Dallas Subsidiary, L.P.,* 92 S.W.3d 613 (Tex. App.-Dallas 2002, pet. denied).

The judgment of the trial court is affirmed.