**Opinion filed June 15, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00005-CV

_____

## IN THE INTEREST OF T.D.L., A CHILD

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CV 36775**

### M E M O R A N D U M   O P I N I O N

Appellant is the paternal grandmother of T.D.L. and the Petitioner in this lawsuit. Appellee is the biological mother of T.D.L. and the Respondent in this lawsuit. Appellant appeals the trial court's dismissal of her suit affecting the parent-child relationship (SAPCR). We reverse and remand.

*Factual and Procedural History*

Appellant originally filed a SAPCR concerning T.D.L. in Wilson County, Texas. *See In the Interest of T.D.L.*, 621 S.W.3d 346 (Tex. App.—San Antonio 2021, no pet.). Ruling on a plea to the jurisdiction, the trial court dismissed the suit

for lack of standing and signed findings of fact and conclusions of law. *Id.* at 350. On appeal, the Fourth Court of Appeals, in its review and application of TEX. FAM. CODE ANN. §§ 102.003(a) (9), 102.003(b), and 102.004, reversed the trial court's order of dismissal and remanded the case for further proceedings consistent with their opinion. *Id.* at 354–55. On remand, the Wilson County trial court transferred the case to Erath County.

In Erath County, the trial court conducted a hearing on a request for temporary orders on July 26, 2021. During the hearing, the trial court heard argument for a motion to dismiss, filed by Appellee. No additional evidence was presented, and no witnesses testified. There was some debate between the parties at this hearing about the nature of the prior hearing before the trial court in Wilson County. Appellant argued that the Wilson County trial court only conducted a hearing on the plea to the jurisdiction issue regarding standing, but Appellee argued that the hearing was more than that and amounted to a trial on the merits. The Erath County trial court appeared to agree with Appellee, asserting that parts of the Wilson County trial court's findings of fact and conclusions of law were "untouched" by the Fourth Court of Appeals. The Erath County trial court reviewed a transcript of the hearing from the Wilson County proceeding and allowed the parties to submit written briefing for review. Following the hearing, the trial court also issued an order appointing an amicus attorney. The amicus attorney submitted an answer and report for the trial court's review. After receipt of briefing from the parties and the amicus attorney's report, the trial court signed an order of dismissal without allowing the parties to present additional evidence or witnesses.

*Issues Before the Court*

Appellant alleges four issues on appeal: (1) the trial court abused its discretion in relying on prior findings of fact and conclusions of law issued by the Wilson County trial court; (2) the trial court abused its discretion in denying Appellant the

opportunity to present evidence on the merits of her case; (3) the trial court erred in relying on findings of fact and conclusions of law issued by the Wilson County trial court because they were not temporal enough to be reliable or credible; and (4) the trial court improperly relied on an amicus report and denied Appellant the opportunity for rebuttal to the report. We address Appellant's first and second issues together, as the substantive question of the issues are essentially the same—whether the trial court abused its discretion in granting Appellee's motion to dismiss, denying Appellant any hearing or final trial on the merits of her case.[1]

## Standard of Review

We review a trial court's order on a motion to dismiss under an abuse of discretion standard. *Maxwell v. Elkins*, 197 S.W.3d 858, 861 (Tex. App.—Eastland 2006, pet. denied) (citing *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001)). We must determine whether the trial court acted arbitrarily and without reference to any guiding rules or principles. *Id.* (citing *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003)). If the matter is subject to a trial court's discretion, we do not substitute our own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

## Applicable Law and Analysis - A Plea to the Jurisdiction

Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction determines a trial court's power to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–554 (Tex. 2000). During a hearing on a plea to the jurisdiction, a trial court may consider issues of standing to determine whether subject-matter jurisdiction exists. *Id.* at 554. During this hearing, a trial court may only hear evidence necessary to make a jurisdictional determination. *Id.* The proper function of such a hearing does not authorize the trial court to inquire into the

---

[1]Appellee filed an objection to Appellant's reply brief. The objection is overruled.

substance of the claims presented by the plaintiff, nor does it require them to put on their case to establish jurisdiction. *Id.*

The Fourth Court of Appeals in this case determined that Appellant did have standing to file her lawsuit, and as such, reversed the Wilson County trial court's dismissal and remanded the case for further proceedings. *In the Interest of T.D.L.*, 621 S.W.3d at 354–355. This judgment reversed all rulings and findings made by the trial court in their entirety.[2] As noted by the Texas Supreme Court in *Bland*, the hearing on the plea to the jurisdiction is an inappropriate stage of the litigation for the trial court to inquire into the substance of the claims presented by the plaintiff. *Bland*, 34 S.W.3d at 554. Further, the Wilson County trial court ruled that Appellant did not have standing to bring her suit, therefore, the trial court had no authority to hear the merits of her claim at that time. *See id.* at 553–554. Thus, any findings of fact or conclusions of law that did not deal with the standing determination would have been impermissible. *Id.* Because the Fourth Court of Appeals reversed the Wilson County trial court's findings of fact and conclusions of law that did concern the matter of jurisdiction, there was no evidence that the Erath County trial court could have considered during the hearing.

---

[2]Texas Rules of Appellate Procedure define the types of judgment that may be entered by the courts of appeals. *See* TEX. R. APP. P. 43.2. The judgment entered by the Fourth Court of Appeals was of the type described by Rule 43.2(d) (court of appeals may reverse and remand for further proceedings). *See In the Interest of T.D.L.*, 621 S.W.3d at 354–355; *see also* TEX. R. APP. P. 43.2(d). The entire order of dismissal was reversed by the Fourth Court of Appeals, and as a result any findings of fact and conclusions of law were also reversed at that time. In this regard, the Fourth Court of Appeals did not limit its remand by special instructions. As we noted in *Eagle Supply & Mfg. L.P. v. Landmark Am. Ins. Co.*, 630 S.W.3d 342, 353 (Tex. App.—Eastland 2021, pet. denied): "Generally, when an appellate court reverses and remands a case for further proceedings, and the mandate is not limited by special instructions, the effect is to remand the case to the lower court on all issues of fact, and the case is reopened in its entirety." (quoting *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 392 S.W.3d 729, 734 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (citing *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986).

Appellee argues on appeal that, because the Wilson County trial court ruled on standing and on the merits of the case, Appellant waived certain issues on appeal by only appealing the standing issue. Appellee is incorrect. First, because the Wilson County trial court determined Appellant did not have standing, the trial court had authority to rule on the merits of the case, or to determine whether Appellant met her burden of proof. Consequently, there was no valid order on the merits for Appellant to appeal. Second, the hearing on the plea to the jurisdiction was an inappropriate time for evidence on the merits to be presented or considered by the Wilson County trial court. Even if some evidence that was presented for jurisdictional purposes could be presented for the merits, the hearing was not meant to consider the merits of the case. *See Bland*, 34 S.W.3d at 554. Appellee cites *In re SSJ-J* for the proposition that having standing to file a lawsuit does not mean a right to win, and therefore Appellant, during the hearing on the plea to the jurisdiction, not only was required to prove she had standing but also needed to meet the required burden of proof to overcome the parental presumption. *See In re SSJ-J*, 153 S.W.3d 132, 137 (Tex. App.—San Antonio 2004, no pet.). While Appellee is technically correct that proving standing is not the "right to win," a plea to the jurisdiction determines Appellant's "right to be heard in court." *Id.* Having proven her right to be heard in court, Appellant is then entitled to put on evidence and to attempt to overcome the parental presumption. The record reflects that Appellant has been given no such opportunity. We sustain Appellant's first issue.

The Fourth Court of Appeals decided the issue of standing in this case. Because of this decision—and the reasons articulated above—the Erath County trial court could not rely on any prior findings of fact or conclusions of law entered by the Wilson County trial court. As we noted in *Eagle Supply*, the case was reopened in its entirety because the remand from the Fourth Court of Appeals was not limited by special instructions. *See* 630 S.W.3d at 353. Thus, Appellant had a legal right to

5

present her case to the trial court or a jury for review. Therefore, when the Erath County trial court did not permit Appellant to present evidence on the merits of the case, the trial court abused its discretion. Accordingly, we also sustain Appellant's second issue. We reverse and remand for further proceedings in the trial court, to allow Appellant the opportunity to present evidence on the merits of her claims.

Because our holdings with respect to Appellant's first and second issues necessarily dispose of this appeal, we need not reach Appellant's third or fourth issues. *See* TEX. R. APP. P. 47.1.

## *This Court's Ruling*

We reverse the order of the trial court and remand the cause for further proceedings consistent with this opinion.


W. BRUCE WILLIAMS
JUSTICE


June 15, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

6