**Vicki Beth Mitchell JACOBS, Appellant,**

v.

**Michael Ted BALEW, et ux., Appellees.**

No. 09–88–027–CV.

Court of Appeals of Texas, Beaumont.

Jan. 26, 1989.

George K. Stanley, for appellant.

Michael S. Ratcliff, for appellees.

OPINION

DIES, Chief Justice.

Michael Ted Balew and his wife, Vickie Lynn Balew, filed a petition for further action in a suit affecting the parent-child relationship to obtain the managing conservatorship or, alternatively, possessory conservatorship of the minor child, John Derrick Mitchell. Vicki Beth Mitchell Jacobs is the natural mother and managing conservator of the minor. Michael Ted Balew is a former husband of Vicki Jacobs and, of course, the ex-stepfather of the minor.

The court below made findings of fact which supported the Balews' standing to bring the suit under section *11.03(b)(1) & (e)* of the Texas Family Code. *See TEX. FAM.CODE ANN. sec. 11.03(b)(1) & (e)* (Vernon 1986 & Supp.1989). The trial court denied the Balews' request for managing conservatorship of the child but awarded them possessory conservatorship, which brings this appeal by the natural mother challenging the factual and legal sufficiency of the court's findings supporting the Balews' standing. The child's natural father is a former husband of the mother and is not a party to this dispute. The central question for us to decide is whether an ex-stepfather, absent any other reason such as abuse of the minor or an unfavorable environment, has standing to be awarded conservatorship of a minor. We hold he does not.

*Section 11.03(e)* states that "[a] petition for further action may be brought ... by any person ... who would be authorized to file an original suit affecting the parent-child relationship as provided by this section." *TEX.FAM.CODE ANN. sec. 11.-03(e)* (Vernon 1986). In order to prove standing under *Section 11.03(b)(1)*, as the court found, Appellees had to prove (1) that they had substantial past contact with the child and (2) that the child's environment with the parent presents a serious and immediate question concerning the child's welfare. *TEX.FAM.CODE ANN. sec. 11.-03(b)(1)* (Vernon Supp.1989). The evidence produced by Appellees, however, is legally and factually insufficient to prove a serious and immediate question concerning the child's welfare.

In addition, Appellees failed to prove standing under *Section 11.03(c)* as a matter of law since they did not file their petition by intervening in a pending action. *TEX.FAM.CODE ANN. sec. 11.03(c)* (Vernon 1986).

> "The requirement that there be a pending action stems from the earlier ... standing cases where the courts concluded that, due to the frequent bitterness of this type of litigation and its harm to the children involved, public policy arguments favor only allowing intervention and not 'judicial intermeddling' where no other litigation regarding the child is pending."

Wilhite, *Rights of Grandparents in Visitation and Conservatorship Actions*, 27 S.TEX.L.REV. 519, 533 (1986).

*TEX.FAM.CODE ANN. sec. 11.03* (Vernon 1986 & Vernon Supp.1989) lists "Who May Bring Suit." Without more reason than the simple fact the petitioner is a former stepparent, even though he may have had "substantial past contact" with the child, we find no authority for such a person to maintain such an action. Points two, three and four are sustained, and the decision of the trial court is reversed. Appellee filed no brief.

REVERSED.