**Sally Somers VON BEHREN,**
**Appellant,**

**v.**

**William Somers VON BEHREN and**
**Loretta Davis Von Behren,**
**Appellees.**

**No. 04–90–00232–CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 24, 1990.

Rehearing Denied Nov. 28, 1990.

Rebecca L. Galvan, Jo Chris G. Lopez, Shaddox, Compere, Gorham & Good, San Antonio, for appellant.

John U. Hemmi, Kirk Patterson, San Antonio, for appellees.

Before BUTTS, PEEPLES and BIERY, JJ.

## OPINION

BIERY, Justice.

This is a case of first impression concerning the quantity of proof needed to show standing under § 11.03(b)(1) of the Texas Family Code. Sally Somers Von Behren appeals from a trial court order dismissing a suit affecting the parent-child relationship. We affirm.

The appellant, Sally, is the grandmother of two young girls of whom she seeks managing conservatorship. The girls are the daughters of appellees William Somers Von Behren, who is the appellant's son, and

Loretta Davis Von Behren, who is the appellant's daughter-in-law. Sally sought a change of managing conservatorship from the appellees to herself, alleging that there was evidence that Aubrey, the older of the two pre-school aged girls, had been sexually abused by appellee William, appellant's son and the girls' father.

The Texas Family Code provision at issue states:

(b) An original suit affecting the parent-child relationship seeking managing conservatorship may be brought by a grandparent or by any other person deemed by the court to have had substantial past contact with the child sufficient to warrant *standing* to do so, if there is *satisfactory proof* to the *court* that:

(1) the child's environment with the parent or parents ... presents *a serious and immediate question concerning the welfare of the child.*

TEX.FAM.CODE ANN. § 11.03 (Vernon Supp.1990) (Emphasis added.)

▇▇▇ Thus, a grandparent has standing to bring a suit affecting the parent-child relationship only in certain extreme circumstances. Wilhite, *Rights of Grandparents in Visitation and Conservatorship Actions*, 27 S.TEX.L.REV. 519, 549 (1986). Appellant alleges that "satisfactory proof" is equivalent to a probable cause or reasonable person standard, a lower quantity than preponderance of the evidence. For authority, appellant relies on criminal cases involving the issuance of a warrant. We are not persuaded that these authorities apply. Under the Family Code, persons with "standing to sue" are identified by their position or status or by the context in which suit is filed. *Texas Family Code and Commentary*, 17 TEX.TECH.L.REV. 1045, 1072 (1986) (Commentary by John J.

Sampson). Section 11.03(a) provides a list of persons who automatically have standing to bring an original suit whereas § 11.03(b) is limited to emergency situations. "The limiting requirement of 'an emergency' is designed to strike a balance between those grandparents or other friends or relatives, who undertake a rescue mission and those who are just out to do a little officious intermeddling to correct the 'unsatisfactory' childrearing methods of the younger generation." *Id.* at 1073.[1] Therefore, the non-parent or grandparent does not have standing automatically by virtue of the relationship that exists with the child, but must show "satisfactory proof" that the child's environment with the parent or parents presents a serious and immediate question concerning the welfare of the child. TEX.FAM.CODE ANN. § 11.03(b)(1) (Vernon Supp.1990). The Family Code further provides that the court's findings in all cases except termination shall be based on a preponderance of the evidence under the rules generally applicable to civil cases. TEX.FAM.CODE ANN. § 11.15(a) (Vernon 1986). No distinction is made in the code requiring a lesser standard of proof concerning the serious and immediate question the grandparent must show to acquire standing in an original petition affecting the parent-child relationship. *Id.* The legislature has spoken with clarity in this regard. We hold that the court's threshold finding of a serious and immediate *question*[2] concerning the welfare of the child shall be based on a preponderance of the evidence under rules generally applicable to civil cases.

We next address whether Sally met that burden to show the requisite seriousness and immediacy to achieve standing under the Family Code. The record before us shows that Sally sought, in pleadings filed

---

1. The reader interested in a complete history of standing in SAPCR litigation should consult this authority. Same information is also found in Sampson, *Standing to Sue in A SAPCR; CONSTRUING ON A TABULA RASA*, STATE BAR OF TEXAS, ADVANCED FAMILY LAW COURSE B–1 (1986).

2. On the merits, the grandparent would be required to prove by a preponderance of the evidence that neither parent can fulfill the best interest of the child. TEX.FAM.CODE ANN. § 14.01(b) (Vernon Supp.1990).

on January 8, 1990, to be appointed sole managing conservator. A hearing was held on January 16 and 17 at which the appellant sought a temporary order appointing herself as such. On January 26, 1990, the trial court denied her application for the temporary order. The trial court's denial was based upon its finding that the children's environment with their parents "presents no serious and immediate question concerning the welfare of the children." The statement of facts from the hearing at which the temporary order was sought is before this court.

On January 29, 1990, the girls' parents, appellees, filed a motion to dismiss the appellant's cause of action, formally asserting by pleadings that standing was not present because no serious and immediate question concerning the welfare of the girls existed. A hearing on the motion was held before a different judge. The appellant had the opportunity to present evidence, but did not do so. On February 28, the second judge entered the order dismissing the appellant's suit affecting the parent-child relationship. The second judge found that the court's previous action in denying the temporary order also disposed of the standing issue because of the finding of no serious and immediate question concerning the welfare of the children.[3]

■ No statement of facts was presented to this court from the February 2 hearing on the motion for dismissal. This court could find that the appellant presents nothing for review by virtue of the absence of a statement of facts. Without a statement of facts from the hearing on the motion to dismiss, the appellate court must presume that there was evidence to support the trial court's judgment. *Mays v. Pierce*, 154 Tex. 487, 493, 281 S.W.2d 79, 82 (1955); TEX.R.APP.P. 50(d). However, as appellant's evidence was presented earlier at the hearing on the temporary order, we will review the appellant's evidence which was

presented at the first hearing. The grandmother testified that Aubrey used the words "penis," "labia," and "vagina" in conversations; that Aubrey said her father bought her boxer shorts; that Aubrey said her father was "bad" and that Aubrey pretended to knife "bad daddy;" that the child's bottom was red and sore and required application of an ointment; that there was a history of incest in the family; and that Bill had been treated for "sexual addiction" at an out-of-state facility. We find none of this to be evidence of sexual abuse of Aubrey. Testimony that sexual abuse could have occurred or might have occurred does not show that such abuse actually occurred. *See Richardson v. Green*, 677 S.W.2d 497, 501 (Tex.1984).

The appellant's own sexual abuse expert never saw or interviewed Aubrey. The expert reached his conclusion that Aubrey had been sexually abused based upon what the appellant and an adult daughter of the appellant told him Aubrey had said.

On the other hand, several other persons called by Sally as her own witnesses testified that there was no evidence of sexual abuse. These included Aubrey's pediatrician, a Texas Department of Human Services caseworker, a clinical psychologist who had interviewed Aubrey on at least three occasions, and the family therapist who treated Bill and Loretta. As these witnesses were not called by the appellant as "adverse witnesses," the appellant is bound by their testimony. *Anderson v. Anderson*, 535 S.W.2d 943, 946 (Tex.Civ. App.—Waco 1976, no writ); *Socony Mobil Co., Inc. v. Southwestern Bell Telephone Co.*, 518 S.W.2d 257, 264 (Tex.Civ.App.— Corpus Christi 1974, no writ); TEX.R. CIV.P. 265, 266.

At the conclusion of the hearing on the request for a temporary order, the trial judge stated, "I still maintain I have not heard anything that would indicate to me that this child has been sexually abused, to

---

**3.** Implicit in the second judge's action was the finding that the quantity of proof necessary to justify a temporary change of managing conservatorship is the same quantity required to show standing.

this point." The trial judge later signed an order denying the grandmother's application for appointment as temporary managing conservator based upon her failure to show a "serious and immediate question concerning the welfare of the children."

■ Using preponderance of the evidence as the standard of proof required, appellate review centers upon a determination of whether the trial court abused its discretion in reaching its decision. *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex.1987). An appellate court may reverse a trial court's decision for abuse of discretion only when, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *Id.; Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986). In cases dealing with a non-parent's standing to bring a suit affecting the parent-child relationship, appellate review of whether there was a "serious and immediate question concerning the child's welfare" under § 11.03(b)(1) is based upon a determination of whether there was sufficient supporting evidence in the record. *Jacobs v. Balew*, 765 S.W.2d 532, 533 (Tex.App.—Beaumont 1989, no writ). From a review of the evidence presented at the earlier hearing, we are not persuaded that the trial court abused its discretion in failing to find such a question concerning the welfare of the children. TEX.FAM.CODE ANN. § 11.03(b)(1) (Vernon Supp.1990). The Texas Supreme Court has held that the elements of seriousness and immediacy require that a child be in imminent danger of physical or emotional harm and that immediate action must be necessary to protect the child. *McElreath v. Stewart*, 545 S.W.2d 955, 958 (Tex.1977). We hold that the trial court did not abuse its discretion in finding that none of the evidence which was presented by the appellant rises to the serious and immediate level, and that the evidence was sufficient to support the judgment.

■ Appellant contends that the issue of standing must be raised by a verified denial under TEX.R.CIV.P. 93(1). We disagree. Rule 93(1) speaks to "capacity." In this instance the appellant's "capacity" is that of grandmother. The appellees do not deny that Sally is a grandmother to the children involved and therefore need not have filed a verified denial. The standing issue was properly raised by the motion to dismiss which then required that the appellant satisfy her burden of showing satisfactory proof of a serious and immediate question concerning the welfare of the children. Points of error one and two are overruled.

■ In her third point of error, the appellant asserts that the trial court abused its discretion and committed reversible error by denying her a jury trial. The appellant relies for this proposition upon § 11.13(a) of the Texas Family Code, which states, "In a suit affecting the parent-child relationship, except a suit in which adoption is sought, any party may demand a jury trial." We disagree. The question of standing is a threshold issue to be presented to the court. TEX.FAM.CODE ANN. § 11.03(b)(1) (Vernon Supp.1990); *Roquemore v. Roquemore*, 431 S.W.2d 595, 601 (Tex.Civ.App.—Corpus Christi 1968, no writ). Point of error three is overruled.

In her fourth point of error, the appellant claims that the trial court abused its discretion in denying her request for a mental examination of the parties and of the children who are the subject of this suit. We find that the appellant failed to properly request the mental examination as required under TEX.R.CIV.PROC. 167a.

Rule 167a provides:

When the mental or physical condition ... of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to

be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is made.

When seeking a court order for a mental examination, the movant must show that the party's mental condition is in controversy and must demonstrate that there is good cause for the compulsory examination. *Coates v. Whittington*, 758 S.W.2d 749, 751 (Tex.1988). We find that although the appellant did include a request for a mental examination in her request for temporary orders, she failed to present her motion to the court during either the hearing on temporary orders or the hearing on the motion to dismiss. The appellant did not bring the matter of alleged good cause for the mental examination to the court's attention or present evidence concerning good cause at either hearing. Because the appellant announced ready, presented her evidence and arguments, and closed before asking the court to rule on her discovery motion for a mental examination, she failed to comply with Rule 167a. She did not complain at any time during the trial that she was prevented from making discovery or presenting any evidence, nor did she ask for a continuance. Therefore the trial court did not abuse its discretion in refusing to order the mental examination. *See Coates*, 758 S.W.2d at 753. The appellant's fourth point of error is overruled.

In her fifth point of error, the appellant sought to have the award of costs and attorney's fees to appellees reversed in the event this court reversed the trial court's order of dismissal. As we have affirmed the trial court's order, appellant's fifth point of error is moot. Moreover, it is not error to award attorney fees unconditionally, regardless of whether an appeal is successful. *Abrams v. Abrams*, 713 S.W.2d 195, 197–98 (Tex.App.—Corpus Christi 1986, no writ).

The award of attorney fees was proper in this case under Texas Family Code § 11.18(a), which states:

In any proceeding under this subtitle, including, but not limited to, habeas corpus, enforcement, and contempt proceedings, the court may award costs. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name.

TEX.FAM.CODE ANN. § 11.18(a) (Vernon 1986).

Appellant's fifth point of error is overruled, and the trial court's order of dismissal is affirmed.