NO.
12-06-00350-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: TONYA LYNN
PHARIS,    §          ORIGINAL PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            In this
original proceeding, Tonya Lynn Pharis seeks a writ of mandamus ordering the
trial court to vacate its order of September 21, 2006 denying Pharis’s motion
to dismiss a suit affecting the parent-child relationship of Pharis and her
infant daughter, L.M.H.  The suit was
filed by Janie Elaine Chasten, L.M.H.’s paternal grandmother.[1]  We deny the petition. 

 

Procedural
Background

            Pharis gave
birth to L.M.H. on August 16, 2006, and both mother and daughter were released
from the hospital on August 21.  Two days
later, on August 23, Chasten filed an original suit requesting to be
appointed L.M.H.’s temporary sole managing conservator.  Chasten alleged that she had standing to
bring the suit “in that the order requested is necessary because the child’s
present circumstances would significantly impair the child’s physical health or
emotional development.”  In her
supporting affidavit, Chasten stated that “[t]he mother of the child has not
cared for the child over night [sic] since her birth last week and has only
seen the child intermitten[t]ly.”  After
a hearing, the trial court entered temporary orders appointing Chasten as
L.M.H.’s temporary sole managing conservator and appointing Pharis as her
temporary possessory conservator.  Pharis
filed a motion to dismiss the suit alleging that Chasten did not have
standing.  The trial court conducted a
hearing on Pharis’s motion and on September 21, 2006 signed an order denying
the motion.  The record does not show
that findings of fact and conclusions of law were requested or filed.  This original proceeding followed.

 

Availability
of Mandamus

            Mandamus is
proper only to correct a clear abuse of discretion when there is no adequate
remedy by appeal.  In re Prudential
Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding);
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).  Mandamus is an appropriate vehicle to
challenge a lack of jurisdiction to enter temporary orders in child custody
matters because these temporary orders are not subject to interlocutory
appeal.  In re Lewin, 149
S.W.3d 727, 734 (Tex. App.–Austin 2004, orig. proceeding); see Tex. Fam. Code Ann. § 105.001(e)
(Vernon Supp. 2006) (temporary orders in suit affecting parent-child
relationship not subject to interlocutory appeal). 

 

Abuse of
Discretion

            Pharis contends
that Chasten did not have standing to institute the underlying suit.
Accordingly, her argument continues, the trial court did not have subject
matter jurisdiction of the suit and should have granted Pharis’s motion to
dismiss the suit.  

Applicable Law

            Subject
matter jurisdiction is essential to a court’s authority to decide a case.  Tex. Ass’n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 443 (Tex. 1993). 
Standing is implicit in the concept of subject matter jurisdiction.[2]  Id.  Subject matter jurisdiction is never presumed
and cannot be waived.  Id.
at 443-44.  A grandparent’s relationship
to a child does not automatically confer standing to bring an original suit for
managing conservatorship.  See Von
Behren v. Von Behren, 800 S.W.2d 919, 921 (Tex. App.–San Antonio 1990,
writ denied).  In the instant case,
Chasten relied on Texas Family Code section 102.004 to establish standing.  The relevant portion of this section provides
that a grandparent may file an original suit requesting managing
conservatorship if the grandparent provides “satisfactory proof” that the order
requested is necessary because the child’s present circumstances would
significantly impair the child’s physical health or emotional development.  Tex.
Fam. Code Ann. § 102.004(a)(1) (Vernon Supp. 2006).[3]  The standard for determining whether the
grandparent’s proof is “satisfactory” is a preponderance of the evidence.  Von Behren, 800 S.W.2d at
921.  

Discussion      

            The record
of the hearing on Pharis’s motion to dismiss shows that Pharis lived in Trinity
with her boyfriend and his family prior to L.M.H.’s birth.[4]  When Pharis and L.M.H. were released from the
hospital, L.M.H. was jaundiced and had a doctor’s appointment the following
morning.  In response to a question about
whether the nurses required that Pharis’s mother be there to take L.M.H. home,
Pharis replied, “Yes, sir.  I was
supposed to go home with my mother.” 
However, she left the hospital with her boyfriend and sent L.M.H. home
with her mother.  Pharis explained that
her boyfriend picked her up so she could get some of her clothes.  She then planned to take him to “the boat” in
Houston where he worked and keep his truck. 
She stated that she and her mother did not get along and that she needed
transportation in case her mother upset her or made her mad enough that she
wanted to leave. 

             Pharis stayed with her boyfriend overnight and
arrived at her mother’s house the next morning too late for L.M.H.’s doctor’s
appointment.  She testified that she
rescheduled the appointment for later the same day, but did not explain her
tardiness.  After the appointment, Pharis
returned to Trinity.  Before Pharis left,
Chasten asked her if she could keep L.M.H. for one night to allow her to spend
time with her father, and  Pharis
consented.  Chasten testified that after
keeping L.M.H. overnight, she took her back to Pharis’s mother, who expressed
her physical inability to care for L.M.H. and asked Chasten to talk to an
attorney.  Chasten and Pharis’s mother
then went together to see an attorney, where both voiced their concern about
what would happen to L.M.H. if Pharis “got her back.”  Later that day, Chasten filed suit.

            The above
evidence does not reveal that Pharis exhibited any interest in being with
L.M.H. upon their release from the hospital or that she expressed any concern
about L.M.H.’s medical condition.  Pharis
disregarded the instructions she received at the hospital in order to be with
her boyfriend and was unavailable to spend time with or provide care for
L.M.H.  She ostensibly left with her
boyfriend from the hospital to obtain his vehicle for transportation.  Once she had possession of his vehicle, she
did not stay at her mother’s house with L.M.H., but returned to Trinity after
L.M.H.’s doctor’s appointment.  Moreover,
she left L.M.H. in the care of her mother, who told Chasten that she was unable
to physically care for the child and who was concerned about what would happen
to the child if Pharis had possession of her. 
From this evidence, the trial court reasonably could have found, by a
preponderance of the evidence, that the order Chasten sought was necessary
because L.M.H.’s present circumstances would significantly impair the child’s
physical health or emotional development. 
Consequently, Chasten met her burden to establish standing, and the
trial court did not abuse its discretion in denying Pharis’s motion to dismiss
the suit.

            Pharis urges
that Chasten’s suit was prompted by “nothing more” than Chasten’s belief that
she would be a better choice than Pharis for managing conservator of
L.M.H.  This argument is without merit in
light of our holding that Chasten presented sufficient evidence to establish
standing.  Pharis also notes the absence
of any evidence that L.M.H. had been harmed. 
However, section 102.004(a)(1) does not require a showing of actual harm
to establish standing.  Pharis also
states that her boyfriend had ample income and that the home she shared with
her boyfriend and his family was adequate for L.M.H.’s care.  Additionally, she points out that she does
not have a criminal record and has never abused any substances or otherwise
engaged in conduct that would be harmful to her child.  However, section 102.004(a)(1) relates to “the
child’s present circumstances.”  L.M.H.
was not in Pharis’s possession nor was she at the home where Pharis lived with
her boyfriend and his family.  Therefore,
these facts are not dispositive.








            In further
argument, Pharis cites In the Interest of M.W., 959 S.W.2d 661,
666 (Tex. App.–Tyler 1997, no writ), in which this court stated that when a
parent and a nonparent both seek managing conservatorship, “close calls” go to
the parent.  In M.W., we
noted the strong presumption under Texas law that the best interest of a child
is best served if a parent is awarded custody. 
Id. at 665.  We
further noted that overcoming this presumption places a heavy burden on the
nonparent seeking appointment as managing conservator.  Id. at 665-66.  However, M.W. was an appeal
from a judgment appointing a grandparent as managing conservator.  The parental presumption does not apply to
the determination of standing to file a suit affecting the parent-child
relationship.  In the Interest of
A.L.S., No. 09-05-00062-CV, 2006 Tex. App. LEXIS 332, at *9 (Tex. App.–Beaumont
Jan. 13, 2006, no pet.).  Pharis cites a
second case, Lewelling v. Lewelling, 796 S.W.2d 164, 167 (Tex.
1990), which also relates to overcoming the parental presumption in a suit for
managing conservatorship.  Because the
issue in this proceeding relates solely to Chasten’s standing, these cases are
inapposite.

Conclusion

            Based upon
our review of Pharis’s mandamus petition and the accompanying materials, we
hold that Pharis has failed to show the trial court abused its discretion in
denying her motion to dismiss Chasten’s original suit for managing
conservatorship of L.M.H.  Accordingly,
Pharis’s petition for writ of mandamus is denied.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered December
20, 2006.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

(PUBLISH)











[1] Chasten
is the real party in interest.  The
respondent is the Honorable B. Jeffrey Doran, Judge of the County Court at Law,
Anderson County, Texas.





[2] Standing
has been described as merely a right to be heard and not a right to win.  See Doncer v. Dickerson,  81 S.W.3d 349, 356 (Tex. App.–El Paso 2002,
no pet.) (citing John J. Sampson, Vol. 93-2 State
Bar of Texas Section Report–Family Law 14 (1993)).





[3]  Although the prior version required an
immediate question concerning the welfare of the child, the immediacy
requirement is not included in the current version.  Compare Act of June 20, 1987, 70th
Legislature, R.S., ch. 744, § 1, 1987 Tex. Gen. Laws 2666 (requiring
satisfactory proof that the child’s present environment presents a serious and
immediate question concerning the child’s physical health or welfare) and Tex. Fam. Code Ann. § 102.004(a)(1)
(requiring satisfactory proof that child’s present circumstances would
significantly impair child’s physical health or emotional development).





[4]  Pharis’s relationship with L.M.H.’s
father terminated sometime prior to L.M.H.’s birth.  The record does not indicate that Pharis and
L.M.H.’s father were ever married. 
Chasten stated in her supporting affidavit that “my son is not a
presumed father, but both he and the mother have completed and forwarded to
Austin the necessary paperwork to establish his paternity.”  Pharis confirmed this at the hearing and
stated that she believed Chasten’s son to be L.M.H.’s father.