In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00132-CV

                                                ______________________________

 

 

 

                               IN THE INTEREST OF
N.L.D., A CHILD

 

 

 

                                                                                                  


 

 

                                       On Appeal from the 354th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 75,763

 

                                                          
                                        

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

            Jimmy
Black, and wife, Angela Black, and Geraldine Black,[1]
jointly filed a child custody action wherein they sought the managing
conservatorship of N.L.D., the minor child of Tamara Haines.[2]  In their petition, the Blacks alleged that
Haines had neglected and physically abused N.L.D.  Although Haines was duly served with
citation, she filed no written answer to the petition.  

            However,
the papers served on Haines informed her of the setting of a hearing on
preliminary orders and Haines did appear at that hearing.  At the time set for that hearing, the trial
court acquiesced to Haines’ oral request for a continuance, resetting the
preliminary hearing for two days later and ordering Haines to submit to a drug
test in the interim.  Haines neither
submitted herself to drug testing as ordered nor appeared at the rescheduled
hearing.  At the eventual hearing on
temporary orders, the trial court heard evidence from the Blacks and entered a
temporary order awarding temporary managing conservatorship to the Blacks.  When the time period for Haines to file a
response to the petition had expired, a brief hearing was held and, based upon
the evidence from the temporary hearing, the trial court entered a final order,
appointing the Blacks as joint managing conservators of N.L.D. and the child’s
parents as possessory conservators. 

            On
appeal, Haines argues that the trial court erred because:  (1) the Blacks lacked standing; (2) Haines
received no prior notice of the final hearing; (3) there was no evidence to
support the trial court’s appointment of the Blacks as managing conservators;
(4) there was insufficient evidence that the Blacks’ appointment was in the
child’s best interests; and (5) it failed to award Haines specific periods of
visitation. 

            We
reverse and remand the trial court’s final judgment because:  (1) Jimmy and Angela lack standing; and (2)
Haines’ appearance at the preliminary hearing amounted to an “appearance,”
which entitled her to notice of the hearing.

I.          Factual and Procedural
History

            Geraldine
Black is the paternal great-grandmother and Jimmy and Angela are the paternal
great-uncle and great-aunt of N.L.D. 
Believing that Haines was abusing and neglecting N.L.D., the Blacks
filed a petition seeking to be named managing conservators of the child.  The court issued a temporary restraining
order and order setting the case for hearing for temporary orders.  

            There
were two documents served on Haines July 28, 2010, both of which incorporated
the Blacks’ petition by reference and both of which warned her that “[i]f you
or your attorney do not file a written answer with the Clerk . . . by 10:00
A.M. Monday next following the expiration of twenty days after you were served
this citation and petition, a default judgment may be taken against you.”  Those documents were not identical.  One was a notice of a hearing on temporary
orders which directed Haines to appear at the August 10, 2010, temporary orders
hearing.  The other was to inform her of
the filing of the petition for conservatorship of her child, N.L.D., the body
of it reiterating the requirement to file a written response before 10:00 a.m.
“the Monday next following the expiration of twenty days after you were served”
of the citation.  Haines did not file
such a written answer within the time period set out in those citations.

            However,
Haines did personally appear at the time and place set for the hearing on
temporary orders.  At the time set for
the hearing, there was no formal evidence introduced, but Haines informed the
court of the child’s whereabouts and told the trial court that she has been
approved for free legal assistance, saying that she had an appointment with her
legal aid attorney the following day.  Based
on that, she requested a continuance in order that her attorney could attend
the hearing.  The trial court granted
Haines’ motion and reset the hearing for two days later, August 12, 2010.  The trial court also orally ordered Haines to
submit herself for testing on the presence of illicit drugs in the interim,
providing her with instructions as to the site of the entity which would draw
the fluids for administration of the test. 


            Haines
failed to attend the August 12, 2010, hearing[3] and
also did not appear for the drug testing. 
At that hearing on temporary orders, Angela and Jimmy testified
regarding various instances of Haines’ drug use, violent behavior, and neglect
of the child.  The trial court entered
temporary orders, appointing the Blacks as temporary managing conservators of
the child and allowing Haines visitation at “such times as might be mutually
agreed between the parties.”  

            When
Haines failed to file an answer, the Blacks obtained a final hearing on the
same day Haines’ answer was due, August 23, 2010.  The Blacks alleged that Haines was in default,
and based upon their motion, the trial court took judicial notice of the
testimony from the August 12, 2010, hearing, as well as Haines’ failure to
submit to the drug test as ordered.  The
trial court’s final order named the Blacks as joint managing conservators,
named Haines and N.L.D.’s father as possessory conservators, directed N.L.D.’s
parents to pay child support as per the “minimum guidelines,” and allowed
Haines visitation with the child “by agreement.”    

            Haines
timely filed a motion to set aside the default judgment and a motion for new
trial. Because the trial court made no ruling on these motions, they were
deemed denied.  Tex. R. App. P. 21.8(c). 
Haines filed this appeal. 

II.        Analysis

            A.        Issue
of Standing on the Part of the Blacks

            In
her first point of error, Haines contends that:  (1) Jimmy and Angela lack standing because
they are not related to N.L.D. within three degrees of consanguinity; and (2) Geraldine
lacks standing because the trial court failed to find that “the child’s present
circumstances would significantly impair the child’s physical health or
emotional development.”[4]


            Standing,
which is implicit in the concept of subject-matter jurisdiction, is a threshold
issue in a child custody proceeding.  See In
re M.T.C., 299 S.W.3d 474, 479 (Tex. App.—Texarkana 2009, no pet.); In re SSJ–J, 153 S.W.3d 132, 134 (Tex.
App.—San Antonio 2004, no pet.); see also
Tex. Ass’n of Bus., 852 S.W.2d at 443–44. 
Whether a party has standing to pursue a cause of action is a question
of law.  See SSJ–J, 153 S.W.3d at 134.  In our de novo review of the trial court’s
determination of standing, we must take as true all evidence favorable to the
challenged party and indulge every reasonable inference and resolve any doubts
in the challenged party’s favor.  See Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004); Smith v. Hawkins, No. 01–09–00060–CV,
2010 WL 3718546, at *3 (Tex. App.—Houston [1st Dist.] Sept. 23, 2010, pet.
filed) (mem. op., not designated for publication); M.T.C., 299 S.W.3d at 479; Hobbs
v. Van Stavern, 249 S.W.3d 1, 3 (Tex. App.—Houston [1st Dist.] 2006, pet.
denied).

            When
standing to bring a particular type of lawsuit has been conferred by statute,
we use that statutory framework to analyze whether the petition has been filed
by a proper party.  See Hunt v. Bass, 664 S.W.2d 323, 324 (Tex. 1984); Office of Atty. Gen. of Tex. v. Crawford, 322 S.W.3d 858, 862 (Tex.
App.—Houston [1st Dist.] 2010, pet. filed). 
In Texas, a party’s standing in a suit involving the parent-child
relationship is governed by the Texas Family Code, and a party seeking relief
in such suits must plead and establish standing within the parameters of the
language used in the Code.  See In re H.G., 267 S.W.3d 120, 124
(Tex. App.––San Antonio 2008, no pet.); see
also Tex. Fam. Code Ann. §§ 102.003–.007
(Vernon 2008 & Supp. 2010).  If a
party fails to establish this standing, the trial court must dismiss the suit.  See In
re C.M.C., 192 S.W.3d 866, 870 (Tex. App.—Texarkana 2006, no pet.).

            The
Blacks allege they have standing pursuant to Section 102.004 of the Texas Family
Code,[5]
which provides, in relevant part:

            (a)        In addition to the general standing to
file suit provided by Section 102.003, a grandparent, or another relative of
the child related within the third degree by consanguinity, may file an
original suit requesting managing conservatorship if there is satisfactory
proof to the court that:

 

                        (1)        the order requested is necessary because
the child’s present circumstances would significantly impair the child’s
physical health or emotional development; or 

 

                        (2)
both parents, the surviving parent, or the managing conservator or custodian
either filed the petition or consented to the suit.

 

The list of relatives who are
within the third degree of consanguinity, and may have standing pursuant to Section
102.004(c) of the Texas Family Code, are the: 

            (1)        parent or child (relatives of the first
degree);

 

            (2)        brother, sister, grandparent, or
grandchild (relatives in the second degree); and

 

            (3)        great-grandparent, great-grandchild,
aunt who is a sister of a parent of the individual, uncle who is a brother of a
parent of the individual, nephew who is a child of a brother or sister of the
individual, or niece who is a child of a brother or sister of the individual
(relatives of the third degree).

 

Tex.Gov’t
Code Ann. § 573.023(c) (Vernon 2004). 

            Pursuant
to their own pleadings and testimony, Jimmy and Angela are N.L.D.’s great-uncle
and great-aunt, and are, therefore, not related to N.L.D. within three degrees
of consanguinity.  Accordingly, they do
lack the requisite standing and we must sustain Haines’ first point of error as
it pertains to Jimmy and Angela.  

            As
N.L.D.’s paternal great-grandmother, Geraldine is related to N.L.D. within
three degrees of consanguinity.  See Tex.
Gov’t Code Ann. § 573.023(c).  In
order for Geraldine to have standing, Section 102.004(a)(1) requires the court
to make a threshold finding based on a preponderance of the evidence that the
child’s present circumstances would significantly impair the child’s physical health
or emotional development.  In re A.M.S., 277 S.W.3d 92, 96 n.4
(Tex. App.—Texarkana 2009, no pet.) (citing In
re R.D.Y., 51 S.W.3d 314, 325 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied); Von Behren v. Von Behren,
800 S.W.2d 919, 921 (Tex. App.—San Antonio 1990, writ denied)).  Although the trial court made no such
finding, no findings of fact and conclusions of law were requested and none
were filed.  In such situations, we are
to infer from the judgment of the trial court that all necessary findings exist
to support it, provided the proposition is raised in the pleadings, supported
by evidence, and the trial court’s theory is consistent with the evidence and
the applicable law.  Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Schoeffler v. Denton, 813 S.W.2d 742,
744 (Tex. App.—Houston [14th Dist.] 1991, no writ).  Therefore, the issue is whether the evidence
in this case establishes by a preponderance of the evidence that the child’s
present circumstances would significantly impair the child’s physical health or
emotional development.  Von Behren, 800 S.W.2d at 921 (standard
for determining whether grandparent’s proof is satisfactory is preponderance of
evidence standard). 

            In
this case, the trial court took judicial notice of Haines’ failure to submit to
the drug test, together with the evidence and testimony adduced at the August
12 temporary hearing.  Angela testified
that Haines admitted to methamphetamine use and that Haines had a history of
drug use.  It was also disclosed that
portions of Haines’ internet Facebook page used the phrase, “Fire it up” and
further stated that Haines had celebrated “National Weed Day.”  Angela testified that Haines would leave the
child at Angela’s home, but fail to provide any formula or diapers.  N.L.D. suffers from a heart condition, but
Haines had been known to fail to take the child to appointments with a
physician, causing Angela and her family to perform this task.  In the spring of 2010, Haines left the child
at Angela’s residence when N.L.D. was so ill that Angela and her family found
it necessary to take the child to a hospital emergency room for treatment.  Angela testified that Haines was very angry
with her for doing so.  Angela testified
further that with N.L.D. in the car, Haines had attempted to run N.L.D.’s father
over with her car and that she was physically abusive to N.L.D.’s father.  Jimmy testified that if asked the same
questions as Angela, his answers would be consistent with hers.  

            There
is ample evidence supporting the trial court’s implied finding.  Accordingly, Geraldine has standing to
petition for custody under Section 102.004 of the Texas Family Code, and we
overrule this point of error as to Geraldine. 


B.        Haines’ appearance at the preliminary hearing amounted to an
“appearance,” entitling her to notice of the hearing

 

            In her second point of error, Haines
argues that entry of the final order determining conservatorship violated her
right to due process of law because she did not receive notice of the final
hearing; continuing, she maintains that because she received no notice of the
setting prior to the entry of the order, the trial court erred by not granting
her motion to set aside the default judgment and her motion for new trial. 

            A
trial court’s decision to overrule a motion to set aside a default judgment and
grant a new trial is subject to review for abuse of discretion.  Old
Republic Ins. Co. v. Scott, 873 S.W.2d 381, 382 (Tex. 1994).  A trial court abuses its discretion if its
decision is arbitrary, unreasonable, and without reference to guiding rules and
principles.  See Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997).  Likewise, a trial court abuses its discretion
if it declines to exercise a power of discretion vested in it by law when the
circumstances require that the power be exercised; or if it arrives at its
choice in violation of an applicable legal rule, principle, or criterion.  See Koch
v. Koch, 27 S.W.3d 93, 95 (Tex. App.—San Antonio 2000, no pet.); Landon v. Jean–Paul Budinger, Inc., 724 S.W.2d 931, 939–40 (Tex.
App.—Austin 1987, no writ).

            A
trial court does not abuse its discretion in denying a motion for new trial
when the granting of a new trial is dependent on questions of fact to be
decided by the trial court, unless the evidence presented conclusively
establishes factual bases mandating the granting of a new trial.  See
Golden Eagle Archery, Inc. v. Jackson,
24 S.W.3d 362, 372 (Tex. 2000). 

A default judgment should be set aside and a new
trial ordered in any case in which the failure of the defendant to answer
before judgment was not intentional, or the result of conscious indifference on
his part, but was due to a mistake or an accident; provided the motion for a
new trial sets up a meritorious defense and is filed at a time when the
granting thereof will occasion no delay or otherwise work an injury to the
plaintiff.  

 

Craddock v Sunshine Bus Lines,
Inc., 133 S.W.2d 124, 126 (Tex. Com. App. 1939).

            The
issue is whether Haines’ presence on the scheduled August 10, 2010, hearing
date amounted to an “appearance” which entitled her to notice of the final
hearing in the matter.  Whether a party has
“appeared” depends on the nature and quality of the party’s activities in the
case.  See In re Marriage of Runberg, 159 S.W.3d 194, 198 (Tex.
App.—Amarillo 2005, no pet.); Serna v.
Webster, 908 S.W.2d 487, 492 (Tex. App.—San Antonio 1995, no writ) (citting
Smith v. Amarillo Hosp. Dist., 672
S.W.2d 615, 617 (Tex. App.—Amarillo 1984, no writ)).  The nature and quality of activities to be
considered encompass the filing of written documents, see LBL Oil Co. v. Int’l Power Servs., Inc., 777 S.W.2d 390 (Tex. 1989)
(per curiam), and personal activity.  See Bradford v. Bradford, 971 S.W.2d 595,
598 (Tex. App.––Dallas 1998, no pet.); Smith,
672 S.W.2d at 617.  “[A] party who
examines witnesses or offers testimony has made an appearance for all
purposes.”  Bradford, 971 S.W.2d at 598.  A party agreeing to temporary orders and
announcing “ready” has made an appearance. 
Runberg, 159 S.W.3d at 198.  “On the other hand, a party who is a ‘silent
figurehead in the courtroom, observing the proceedings without participating,’
has not.”  Bradford, 971 S.W.2d at 598 (quoting Smith, 672 S.W.2d at 617).

            There
was no sworn testimony taken at the August 10 setting, but there were
statements made to the trial court.  It
is apparent from the record that Haines conferred with the Blacks’ counsel; the
record reflects that the Blacks’ counsel told the trial court that Haines
“doesn’t wish to relinquish custody or grant full access and that sort of thing
at this point in time.”  Haines then
explained to the court that she had been approved for free legal assistance and
had scheduled an appointment to meet with her legal aid attorney the day
following the scheduled hearing.  Haines
asked the trial court for (and was granted) a continuance of the hearing, which
was rescheduled for two days later. 

            While
Haines neither announced “ready” nor examined a witness at the original time
set for hearing of the temporary orders, her denial of the Blacks’ requested
relief was explained on the record, and she directly participated in the
hearing by answering the trial court’s questions, seeking a continuance, and
explaining why a continuance was needed. 
We find that her actions amount to participation in the hearing;
therefore, her presence at and her conduct at the hearing amounts to an
“appearance,” although she filed no written response.  Once a party has made an appearance in a
cause, he is entitled to notice of the trial setting as a matter of due process
under the Fourteenth Amendment to the Federal Constitution.  LBL Oil
Co., 777 S.W.2d at 390–91; see also
Tex. R. Civ. P. 245

            Although
she was entitled to notice of the setting of the final hearing, Haines received
no actual or constructive notice of it; as a result, she has met the first
prong of the Craddock test.  See
Craddock, 133 S.W.2d at 126.  If a
defendant did not receive actual or constructive notice of trial, due process
prevents the application of the second and third prongs of the Craddock test.  See
Runberg, 159 S.W.3d at 199–200 (citing
Lopez v. Lopez, 757 S.W.2d 721,
723 (Tex. 1988); Peralta v. Heights Med.
Ctr., Inc., 485 U.S. 80 (1988)).  Because we find that Haines made an
appearance, due process entitled her to notice of the final hearing.  See LBL
Oil Co., 777 S.W.2d at 390–91; see
also Coastal Banc SSB v. Helle, 48 S.W.3d 796, 798, 801 (Tex. App.—Corpus
Christi 2001, pet. denied) (reversing default judgment against defendant who
appeared at temporary injunction hearing but not given notice of default
judgment hearing).  

            Accordingly,
we reverse the trial court’s final order, set aside the default judgment, and remand
to the trial court for a new trial.  

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May
11, 2011

Date Decided:             May
27, 2011

 











[1]Geraldine,
Jimmy, and Angela are collectively referred to herein as “the Blacks.”

 





[2]N.L.D.’s
father, Robert Lee Dobbins, was incarcerated at the time the petition was
filed. After receiving service, he filed a written answer, consenting to the
Blacks’ petition.  The final order
appointed him as possessory conservator.





[3]In
her motion to set aside the default judgment, she alleged that while driving to
the hearing, her car broke down and when she called the court to inform them of
her situation, she was told that the hearing would be reset.  





[4]At
trial, Haines failed to raise the issue of standing, however, standing, as a
necessary component of a court’s subject-matter jurisdiction, cannot be conferred
by consent or waiver, and may be raised for the first time on appeal.  Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.1993).  





[5]There
is no pleading or evidence that the Blacks have standing under the general
standing provisions of Section 102.003 of the Texas Family Code.